UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON MANGERSON, Independent Executor | ) | |
| Of the Estate of JOHN WRANA, JR., Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF PARK FOREST, | ) | |
| an Illinois Municipal Corporation, | ) | Case No.      14 CV 4661 |
| CLIFFORD R. BUTZ, individually, | ) | |
| MICHAEL BAUGH, individually, | ) | |
| CRAIG TAYLOR, individually, | ) | **JURY TRIAL DEMANDED** |
| LLOYD ELLIOT, individually, | ) | |
| CHARLIE HOSKINS, individually, | ) | |
| and MITCH GREER, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

SHARON MANGERSON, Independent Executor of the Estate Of JOHN WRANA, JR.,

Deceased, by her attorneys, NICHOLAS G. GRAPSAS, LTD. and ALICE E. DOLAN &

ASSSOCIATES, LLC, complains of defendants VILLAGE OF PARK FOREST, an Illinois

Municipal Corporation, ("PARK FOREST"), CLIFFORD R. BUTZ ("Chief Butz"),

individually, MICHAEL BAUGH ("Commander Baugh"), individually, CRAIG TAYLOR

("Taylor"), individually, LLOYD ELLIOT ("Corporal Elliot"), individually, CHARLIE

HOSKINS ("Hoskins"), individually, and MITCH GREER ("Greer"), individually, and states as

follows:

**INTRODUCTION**

1.      This is an action brought pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983, 1988 and Illinois state law.  Plaintiff, Sharon Mangerson, is the Independent Executor of the Estate of John Wrana, Jr., Deceased.  She was also Mr. Wrana's stepdaughter and caretaker.  Plaintiff brings this action for the violations and deprivations of her decedent's constitutional rights, his injuries, wrongful death, survival rights and applicable Illinois state law claims.   At all relevant times, defendants Commander Baugh, Corporal Elliot, Police Officers Taylor, Hoskins and Greer were working and acting under the color of law as police officers for defendant Park Forest under the direction and command of defendant Chief Butz, the Park Forest Chief of Police.  On July 26, 2014, John Wrana, Jr., was twelve days shy of his 96th birthday and a resident at the Victory Centre of Park Forest Assisted Living Center located in Park Forest, Illinois ("Victory Centre").  On that date, Mr. Wrana was alone in his room, suffering from what the facility's staff believed were symptoms indicative of a urinary tract infection in an elderly person.  The defendant police officers, under the direct and on-scene supervision and command of defendant Commander Baugh, violated Mr. Wrana's constitutional rights by unlawfully entering his residence and causing, allowing and/or ordering the firing of five rounds of bean bag cartridges from a 12 gauge shotgun within a distance of approximately only six to eight feet from Mr. Wrana, far less than the distance allowed for discharging that shotgun, and, consequently, savagely wounding and killing Mr. Wrana.  Mr. Wrana bled to death as a result of the shotgun wounds inflicted upon him by defendants.  The Cook County Medical Examiner ruled that Mr. Wrana's death was a homicide caused by blunt force trauma to his abdomen as a result of shots fired from a bean bag shotgun.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391, as on information and belief, all or most of the parties reside in this Judicial District, and the events giving rise to the claims asserted herein occurred in this Judicial District.

## PARTIES

3.     Plaintiff, SHARON MANGERSON, is a resident of Illinois and this Judicial District, and is the lawfully appointed Independent Executor of the Estate of JOHN WRANA, JR., Deceased, to whom Letters of Office have been issued in that capacity by the Circuit Court of Cook County, Illinois, Court Case Number 2013 P 004713.

4.     Defendant VILLAGE OF PARK FOREST, at all relevant times, was an Illinois municipal corporation, duly chartered and organized under the laws of the State of Illinois, located entirely within this Judicial District.

5.     Defendant CLIFFORD R. BUTZ, was at all relevant times, a sworn PARK FOREST Police Officer and Chief of Police, employed by and working for defendant PARK FOREST.  Defendant Chief Butz engaged in the conduct complained of under color of law and in the scope of his employment as agent and representative of defendant PARK FOREST. Defendant Chief Butz is sued in his individual capacity.

6.     Defendant MICHAEL BAUGH, was at all relevant times, a sworn PARK FOREST Police Officer and Commander of Police, employed by and working for defendant PARK FOREST.  Defendant Commander Baugh engaged in the conduct complained of under

color of law and in the scope of his employment as agent and representative of defendant PARK FOREST. Defendant Commander Baugh is sued in his individual capacity.

7.     Defendant CRAIG TAYLOR, was at all relevant times, a sworn PARK FOREST Police Officer employed by and working for defendant PARK FOREST. Defendant Taylor engaged in the conduct complained of under color of law and in the scope of his employment as agent and representative of defendant PARK FOREST. Defendant Taylor is sued in his individual capacity.

8.     Defendant LLOYD ELLIOT, was at all relevant times, a sworn PARK FOREST Police Officer and Corporal of Police, employed by and working for defendant PARK FOREST. Defendant Corporal Elliot engaged in the conduct complained of under color of law and in the scope of his employment as agent and representative of defendant PARK FOREST. Defendant Corporal Elliot is sued in his individual capacity.

9.     Defendant CHARLIE HOSKINS was at all relevant times, a sworn PARK FOREST Police Officer, employed by and working for defendant PARK FOREST. Defendant Hoskins engaged in the conduct complained of under color of law and in the scope of his employment as agent and representative of defendant PARK FOREST. Defendant Hoskins is sued in his individual capacity.

10.     Defendant MITCH GREER, was at all relevant times, a sworn PARK FOREST Police Officer, employed by and working for defendant PARK FOREST. Defendant Greer engaged in the conduct complained of under color of law and in the scope of his employment as agent and representative of defendant PARK FOREST. Defendant Greer is sued in his individual capacity.

## FACTUAL BACKGROUND

**The Brutal Homicide of 95 Year Old John Wrana, Jr., by Defendants Park Forest Police Officers.**

11.    On Friday, July 26, 2013, Plaintiff's decedent, JOHN WRANA, JR., was over 95 years old, with a the birth year of 1917. He was a resident of room 206, a private room, at the Victory Centre of Park Forest Assisted Living Center, a senior citizen assisted-living residence located at 1010 Main Street, Park Forest, Illinois ("Victory Centre"). Despite his advanced age, Mr. Wrana was in good mental health, but he suffered from limited mobility and required either a cane or a walker to stand up, support him, and to walk.

12.    On the aforesaid date and time, the Victory Centre staff members believed that Mr. Wrana was suffering from symptoms indicative of a urinary tract infection in an elderly person, including a sudden onset of strange and uncharacteristic behavior. Victory Centre staff members were attempting to have Mr. Wrana transported by personnel from Bud's Ambulance Service, a private company, to the hospital for evaluation and treatment.

13.    However, Mr. Wrana did not want to be removed from his residence and taken anywhere for treatment. After Mr. Wrana refused to be transported by Bud's Ambulance personnel, a Victory Centre staff member called 911 for assistance from the PARK FOREST police department in transporting Mr. Wrana.

14.    Defendants Hoskins and Greer were first to respond and arrive at Victory Centre. They spoke to Mr. Wrana, who was alone in his room. Defendants Hoskins and Greer were unable to gain Mr. Wrana's cooperation and he refused to be transported. They then contacted defendant Corporal Elliot and requested his assistance at the scene.

15.     All civilians, the Victory Centre staff members, and the Bud's Ambulance personnel were moved far away from Mr. Wrana's room, down the corridor and on the opposite end of the floor.   Mr. Wrana remained in his room alone with the door closed.   There were no persons other than defendant PARK FOREST police officers inside, outside, or near Mr. Wrana's room once the defendant police officers had contact with Mr. Wrana.

16.     When defendant Corporal Elliot arrived, Mr. Wrana was still alone in his room. Corporal Elliot entered the room using a key that he received from the staff and opened the closed and locked door. Corporal Elliot spoke with Mr. Wrana and then left the room and contacted defendant Commander Baugh, who was the PARK FOREST Police Department on-duty Commander, to come to the scene at Victory Centre with a police ballistic shield.

17.     Defendant Commander Baugh, in turn, contacted defendant Taylor and directed Taylor to also respond to the scene and to bring a weapon known as a "less lethal" shotgun to Victory Centre.  The shotgun is a 12 gauge weapon which expels projectiles loaded with bean bags containing lead shot.

18.     Defendant Commander Baugh arrived at Victory Centre with a police ballistic shield and a Taser.  The Taser and ballistic shield were issued by defendant PARK FOREST. Commander Baugh was in charge of the operation and supervised the actions of all the defendant police officers.

19.     Defendant Taylor also arrived at Victory Centre with the PARK FOREST Police Department's 12 gauge "less lethal" shotgun.  The shotgun was loaded with 7 live rounds of cartridges containing bean bags. The shotgun was issued by defendant PARK FOREST.

20.     Defendant Corporal Elliot briefed defendant Commander Baugh. Commander Baugh had a conversation with Mr. Wrana through the closed door to Mr. Wrana's room.  Mr.

Wrana was inside his room alone with the door closed and presented no threat to others. All civilians remained far removed from the room down the hallway on the other side of the floor shielded by the five armed defendant police officers who were outside Mr. Wrana's room.

21.     At all relevant times, Mr. Wrana was alone in his private residence and had committed no crime by refusing to be transported to the hospital. Defendants were without lawful authority to enter his residence, and there was no immediate lawful reason to implement any police action against Mr. Wrana, including the use of police tactical intervention.

22.     No further attempt to talk to Mr. Wrana was made by defendants. Further, defendants prohibited any staff members from Victory Centre, who were familiar with and had cared for Mr. Wrana, from attempting to intervene and assist in resolving the transport situation.

23.     Instead, defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer gathered and conferred together and formulated a plan within minutes of Commander Baugh's and Taylor's arrival at Victory Centre. The plan was to re-enter Mr. Wrana's room and seize him by force with the use of: (1) Commander Baugh's ballistic shield, (2) Commander Baugh's Taser, (3) Officer Taylor's bean bag shotgun and (4) Corporal Elliot's loaded handgun.

24.     Defendant Commander Baugh instructed defendant Taylor to stand next to Commander Baugh with the shotgun ready to deploy if the Taser was ineffective in controlling Mr. Wrana. Defendant Corporal Elliot was behind defendants Commander Baugh and Taylor with his PARK FOREST departmentally issued handgun "deployed as lethal cover" in the private residence of 95 year old Mr. Wrana. Defendants Hoskins and Greer, who were also armed, followed inside the room from behind.

25.     No other viable options to de-escalate and resolve the matter of Mr. Wrana's refusal to be removed were considered or ever attempted.  Defendants never allowed for, or attempted to confer with, any person familiar with geriatric patients or behavior in deciding how to resolve the situation.

26.     Defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer executed their plan to seize Mr. Wrana by force.  Commander Baugh, without lawful authority to enter, opened the door to Mr. Wrana's room where Mr. Wrana was alone and defendants entered Mr. Wrana's residence. Commander Baugh held the ballistic shield and his Taser. Commander Baugh deployed his departmentally issued Taser at Mr. Wrana and fired the Taser.  The Taser failed to make contact with Mr. Wrana.

27.      At that time, each of the other defendant police officers was also armed with a departmentally issued Taser.  None of the other defendant police officers attempted to use their Tasers to resolve the encounter with Mr. Wrana with non-lethal force.

28.     Instead, defendant Taylor immediately deployed his "less lethal" shotgun directly at Mr. Wrana and fired five rounds within just a few seconds at Mr. Wrana, striking and wounding him in his abdomen, chest and arm. Taylor fired the five rounds from his shotgun from a distance of only approximately six to eight feet from Mr. Wrana.

29.     After defendant Taylor fired the fifth shot into Mr. Wrana, defendant Commander Baugh used his ballistic shield to forcibly push Mr. Wrana to the ground while the other defendant police officers subdued and handcuffed Mr. Wrana behind his back.

30.     Mr. Wrana was screaming from immense, intense, excruciating and unbearable pain as a result of the wounds inflicted to his body by defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer.  Despite his severe and painful condition from being shot,

tackled and handcuffed by defendants, defendants forced Mr. Wrana to sit up in a hard wood chair. In order to put Mr. Wrana in the chair, defendants forcibly pulled Mr. Wrana's handcuffed arms up and over the back of the chair, causing him further pain and suffering.

31. Defendant Commander Baugh then took photographs of Mr. Wrana and his wounds while Mr. Wrana was seated handcuffed in the chair in continuous and severe pain and bleeding from his internal and external wounds.

32. Despite the nature and extent of Mr. Wrana's obvious injuries, defendants refused to allow the personnel from Bud's Ambulance Service, who were present and had remained at the scene, to render any medical or other assistance to Mr. Wrana.

33. Instead, defendants called and waited for ambulance personnel from defendant PARK FOREST. When ambulance personnel from PARK FOREST arrived at Victory Centre, the defendant police officers further restrained Mr. Wrana on a cot in a seated position in 4 point restraints.

34. Defendant PARK FOREST initially transported Mr. Wrana to St. James Hospital in Chicago Heights, Illinois. At St. James Hospital the determination was made by the medical staff that the nature and extent of Mr. Wrana's injuries required that he be transferred to the trauma center of Advocate Christ Medical Center in Oak Lawn, Illinois.

35. While at Christ Medical Center, Mr. Wrana was told that he had sustained fatal injuries and that he would likely die from those injuries. Mr. Wrana was conscious and alert and knew that he was dying from the injuries inflicted upon him by defendants.

36. JOHN WRANA, JR., died at Advocate Christ Medical Center on July 27, 2014.

37.     The Cook County Medical Examiner conducted a Post-Mortem Examination of Mr. Wrana's remains on July 28, 2013.  The Medical Examiner concluded that Mr. Wrana died from *hemoperitonium* (internal bleeding in the abdomen), due to blunt force trauma to his abdomen as a result of shots fired from a bean bag shotgun.  The Medical Examiner ruled that the manner of Mr. Wrana's death was a Homicide.

38.     When defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer arrived at Victory Centre, there was no need for the use of deadly or less than deadly force with respect to Mr. Wrana.

39.     The manufacturer's specifications for the "Super-Sock Orange Hull 12 gauge Bean Bag Cartridges," Model No. 2581, chosen and used by defendants against Mr. Wrana, provide that the terminal velocity of the deployed bean bag is 280 feet per second.  Two hundred eighty (280) feet per second is the equivalent of approximately 190 miles per hour.  The Bean Bag Cartridge maker's specifications provided to defendant PARK FOREST further warns that "Shots to the head, neck thorax, heart or spine can result in fatal injury."

40.     Prior to July 26, 2013, defendant PARK FOREST trained its police personnel, including defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer in the use of the shotgun. That training provided that the optimum firing distance at an average human target is a minimum of fifteen feet.   According to the training, the age of the potential target of the shotgun was a factor that was to be taken into consideration before firing beanbag rounds at a human target.

**The Actions and Conduct of the VILLAGE of PARK FOREST and Its Police Officers Violated Mr. Wrana's Civil Rights As Guaranteed by the United States Constitution.**

41. Following their arrival at Victory Centre as aforesaid, and with deliberate indifference and a conscious disregard of Mr. Wrana's emotional and physical condition, defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer provoked a situation in which Mr. Wrana was clearly emotionally disturbed and physically infirmed, but not a threat to anyone, including the defendant police officers, who had no lawful authority to enter his residence.

42. The acts, conduct and omissions of defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer at the Victory Centre residence of Mr. Wrana were in violation of the Fourth and Fourteenth Amendments of the United States Constitution in that the defendants used excessive and deadly force where no such force was justified and where the officers, with deliberate indifference, and in violation of proper police standards and training, killed Mr. Wrana.

43. The acts, conduct and omissions of defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer at the Victory Centre room of Mr. Wrana were willful and wanton, malicious, oppressive and committed with deliberate indifference and conscious and callous disregard of Mr. Wrana's constitutional rights and physical and emotional conditions.

**The VILLAGE of PARK FOREST'S Practices and Policies of Failing to Properly Train, Discipline and Supervise, and for Approving Police Misconduct.**

44. On or about April 1, 2014, defendant PARK FOREST issued a public statement in response to the criminal charges filed by the Cook County State's Attorney against defendant Taylor stating that defendant Taylor had the full support of defendant VILLAGE of PARK FOREST. On or before April 29, 2014, Taylor was indicted for Felony Reckless Conduct by the

Cook County Grand Jury. On information and belief, none of the defendant police officers or command defendants has been disciplined by defendant VILLAGE of PARK FOREST for their involvement and participation in the homicide of JOHN WRANA, JR.

45. Before and at the time of the subject occurrence, defendant VILLAGE of PARK FOREST had within its municipal corporate limits many elderly senior citizens living in senior assisted-living residences, including the Victory Centre where Mr. Wrana resided.

46. Defendants PARK FOREST, Chief of Police CLIFFORD R. BUTZ and Commander MICHAEL BAUGH, with deliberate indifference, failed to properly train, supervise, and discipline its police officers, including the defendant police officers and command defendants, with respect to policies and procedures appropriate for police confrontations or other involvement, with elderly citizens suffering from senior-related physical limitations and emotional disturbances.

47. Specifically, VILLAGE of PARK FOREST police officers (1) are not properly trained with respect to police interaction with elderly citizens and the procedures to be used in resolving incidents with elderly citizens with limited physical mobility and/or suffering from uncharacteristic behavior or emotional distress, and (2) do not consider or utilize properly qualified persons to diffuse incidents involving its elderly citizens who may be suffering from physical and uncharacteristic emotional and/or behavioral disorders.

48. The acts, conduct and omissions of defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer at the residence of Mr. Wrana on July 26, 2013 were the direct result of the failure of defendants PARK FOREST, Chief of Police CLIFFORD R. BUTZ and Commander MICHAEL BAUGH to properly train, supervise, monitor and discipline its police

officers, including these defendants, in connection with established procedures and accepted responses relative to incidents involving senior/elderly in senior living facilities.

49.     Plaintiff, SHARON MANGERSON, is the duly appointed Independent Executor of the Estate of JOHN WRANA, JR., Deceased, pursuant to Order of court, and she brings this action in that capacity pursuant to the Wrongful Death Act of the State Illinois, 740 ILCS 180/1 *et. seq*.  Plaintiff's decedent, JOHN WRANA, JR., left surviving him his next of kin, each of whom suffered pecuniary losses, including a loss of his society and companionship, as a proximate result of his death, including: JOHN J. KRYGER, his nephew; ANN KRYGER, his niece; GAYLE AUGER (nee KRYGER), his niece; the heirs of JOSEPH L. KRYGER, (Deceased), his nephew; CAROLYN LUNA (nee Szamocki), his niece; KENNETH SZAMOCKI, his nephew; the heirs of DONALD SZAMOCKI (Deceased), his nephew; GERY WRANA, his nephew; DAVID BOUSQUET, his nephew; DUSTIN KRYGER, his grandnephew; SANTANA WRANA, his grandniece; GERY WRANA, his grandnephew; PAUL WRANA, his grandnephew; and any other surviving next of kin who may exist but are still unknown.

50.     Plaintiff also sues as the lawfully appointed Independent Executor of the Estate of JOHN WRANA, JR., Deceased, under the Illinois Survival Statute, and claims damages for the pain and suffering Mr. Wrana endured prior to his death.

51.     Plaintiff, by reason of decedent's injuries and death, has suffered pecuniary loss and incurred expenses for the cost of decedent's funeral expenses and the costs of administering decedent's estate.

52.     As a  proximate result of defendants' acts and/or omissions, plaintiff's decedent, JOHN WRANA, JR., prior to his death, suffered great physical injuries, pain, mental anguish

and humiliation which resulted in his death, as well as the loss and deprivation of the normal activities, pursuits and pleasures of life, and loss of life.

53.     As a proximate result of the acts and/or omissions of all defendants, Plaintiff's decedent, JOHN WRANA, JR., suffered physical injuries, pain, emotional distress and death, all caused by the violations of his rights under the United States Constitution.

## COUNT I

### Federal Civil Rights Claim Pursuant to 42 U.S.C. § 1983
### Deprivation of Life/ Due Process (MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER)

54.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations contained in paragraphs 1 through 53 above, as if fully set forth here.

55.     The acts and conduct of defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer at the Senior Assisted Living Center room of JOHN WRANA, JR., were committed with deliberate indifference, shocked the conscience and proximately caused the death by homicide of JOHN WRANA, JR., and constituted an unlawful and unconstitutional deprivation of Mr. Wrana's life without due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

56.     Plaintiff, on behalf of the Estate of John Wrana, Jr., Deceased,  claims damages for the pain, suffering and wrongful death of her decedent, JOHN WRANA, JR., and for the loss of his society and companionship, and for funeral and burial expenses under 42 U.S.C. § 1983.

WHEREFORE,  pursuant  to  42  U.S.C.  §  1983,  Plaintiff  demands  judgment  against defendants MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER, jointly and severally, for compensatory damages plus costs, attorneys'

fees, and for additional punitive damages, and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT II

### Federal Civil Rights Claim Pursuant to 42 U.S.C. § 1983
### Excessive Use of Force (MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER)

57.     Plaintiff re-alleges and incorporates herein by reference  each and every of the foregoing allegations  contained in paragraphs 1 through 56 above, as if fully set forth here.

58.     The acts and conduct of defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer at the Victory Centre room of JOHN WRANA, JR., constituted an unlawful and unconstitutional excessive use of force in violation of the Fourth Amendment of the United States Constitution.

59.     Plaintiff, on behalf of the Estate of John Wrana, Jr., Deceased,  claims damages for the pain, suffering and wrongful death of her decedent, JOHN WRANA, JR., and for the loss of his society and companionship, and for funeral and burial expenses under 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against defendants MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER, jointly and severally, for compensatory damages and punitive damages, plus costs, attorneys' fees, and any and all other relief that this Court deems just, fair, necessary and proper.

**COUNT III**

**Federal Civil Rights Claim Pursuant to 42 U.S.C. § 1983**
**Unlawful and Unreasonable Seizure (MICHAEL BAUGH, CRAIG TAYLOR, LLOYD**
**ELLIOT, CHARLIE HOSKINS and MITCH GREER)**

60.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations contained in paragraphs 1 through 59 above, as if fully set forth here.

61.     The acts and conduct of defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer at the Victory Centre room of JOHN WRANA, JR., were unlawful and unreasonable in that they had no lawful basis, justification or probable cause to enter Mr. Wrana's residence or to seize him.   Therefore, their actions constituted a violation of Mr. Wrana's constitutional right to be free from unreasonable seizure guaranteed under the Fourth Amendment to the United States Constitution.

62.     Plaintiff, on behalf of the Estate of John Wrana, Jr., Deceased,  claims damages for the pain, suffering and wrongful death of her decedent, JOHN WRANA, JR., and for the loss of his society and companionship, and for funeral and burial expenses under 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against defendants MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER, jointly and severally, for compensatory damages and punitive damages, plus costs, attorneys' fees, and any and all other relief that this Court deems just, fair, necessary and proper.

**COUNT IV**

**Federal Civil Rights Claim Pursuant to 42 U.S.C. § 1983**
**(Failure to Supervise - Due Process (MICHAEL BAUGH)**

63.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations contained in paragraphs 1 through 62 above, as if fully set forth here.

64.     Defendant Commander MICHAEL BAUGH was the PARK FOREST Police Department Supervisor in charge and command and at the scene of this incident, and directed and supervised the acts and conduct of defendants Corporal Elliot, Taylor, Hoskins and Greer at the Victory Centre room of Mr. Wrana.

65.     Defendant Commander MICHAEL BAUGH directed and supervised the other defendant officers in the use of excessive force, unlawful seizure and homicide of Plaintiff's decedent, JOHN WRANA, JR., and directly and personally authorized the use and deployment of the shotgun in Mr. Wrana's room which caused his death by homicide.

66.     Defendant Commander MICHAEL BAUGH knew or should have known that directing and authorizing the use and deployment of the "less lethal" bean bag shotgun against a nearly 96 year old man inside Mr. Wrana's room, given Mr. Wrana's then mental and physical condition, from a distance of approximately 6 to 8 feet, which was approximately half the minimum distance required by the projectile's manufacturer and as required by the training the defendants received, including by Commander MICHAEL BAUGH, demonstrated deliberate indifference to Mr. Wrana's constitutional rights and mental and physical conditions, violating his rights to due process of law and to be free from the use of excessive force and unlawful seizure as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

67.     Defendant Commander MICHAEL BAUGH exercised improper command and failed to prevent the unlawful acts and conduct of all the defendant police officers at the scene, which proximately caused the death by homicide of Plaintiff's decedent, JOHN WRANA, JR.

68.     Defendant Commander MICHAEL BAUGH's actions and conduct were knowing, wilful and wanton, and committed with deliberate indifference to Mr. Wrana's

condition and constitutional rights, thus violating his rights under the Fourth and Fourteenth Amendments of the United States Constitution.

69.     Plaintiff, on behalf of the Estate of John Wrana, Jr., Deceased,  claims damages for the pain, suffering and wrongful death of her decedent, JOHN WRANA, JR., and for the loss of his society and companionship, and for funeral and burial expenses under 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against defendant MICHAEL BAUGH, for compensatory damages and punitive damages, plus costs, attorneys' fees, and any and all other relief that this Court deems just, fair, necessary and proper.

### COUNT V

### Federal Civil Rights Claim Pursuant to 42 U.S.C. § 1983
### Failure to Train - Due Process (VILLAGE OF PARK FOREST, CLIFFORD R. BUTZ and MICHAEL BAUGH)

70.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations contained in paragraphs 1 through 69 above, as if fully set forth here.

71.     Defendants, VILLAGE OF PARK FOREST, Chief of Police CLIFFORD R. BUTZ and Commander MICHAEL BAUGH proximately caused the constitutional violations suffered by JOHN WRANA, JR., by reason of deliberate indifference, and by failing to properly train the defendants Corporal Elliot, Taylor, Hoskins and Greer in the proper deployment of police actions, and the use of weapons, including the "less lethal" shotgun deployed and ordered for use by defendant Commander Baugh in this case.

72.     Defendants, VILLAGE OF PARK FOREST, Chief of Police CLIFFORD R. BUTZ and Commander MICHAEL BAUGH, by reason of deliberate indifference, and by failing to properly train defendants Corporal Elliot, Taylor, Hoskins and Greer in situations involving elderly citizens who may be physically impaired and emotionally disturbed, such as was Mr.

Wrana, including within senior assisted living facilities located within the municipal limits of PARK FOREST, proximately caused the injuries and death by homicide suffered by JOHN WRANA, JR., thus violating his rights to due process of law and to be free from the use of excessive force and unlawful seizure as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

73.     Plaintiff, on behalf of the Estate of John Wrana, Jr., Deceased,  claims damages for the pain, suffering and wrongful death of her decedent, JOHN WRANA, JR., and for the loss of his society and companionship, and for funeral and burial expenses under 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against defendants VILLAGE OF PARK FOREST, CLIFFORD R. BUTZ, and MICHAEL BAUGH, jointly and severally, for compensatory damages plus costs, attorneys' fees, and for additional punitive damages against CLIFFORD R. BUTZ and MICHAEL BAUGH, jointly and severally, and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT VI

### Federal Civil Rights Claim Pursuant to 42 U.S.C. § 1983
### Failure to Intervene - Due Process (MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER)

74.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations  contained in paragraphs 1 through 73 above, as if fully set forth here.

75.     At the time that defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer engaged in the excessive use of force and conduct in Mr. Wrana's room at Victory Centre, described herein above, Section 300.2.1 of the PARK FOREST Police Department Policy on Use of Force made it the duty of any officer present at a scene and observing another officer using force that is beyond that which was reasonable under the circumstances to intercede

to prevent the use of unreasonable force. Moreover, each defendant police officer knew that each and every other defendant was using unlawful excessive force against plaintiff's decedent, JOHN WRANA, JR.

76.     At the time that defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer engaged in the excessive force and unlawful conduct in Mr. Wrana's room at Victory Centre, each said defendant had the opportunity and the duty to intervene to prevent the injuries to, and homicide of, Mr. Wrana by the other, but each defendant failed to do so under color of law, thus violating his rights to due process of law and to be free from the use of excessive force and unlawful seizure as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

77.     The failure of defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer, and each of them, to intervene and take steps preventing the harm suffered by JOHN WRANA, JR., proximately caused injury to, and the death of, plaintiff's decedent JOHN WRANA, JR.

78.     Plaintiff, on behalf of the Estate of John Wrana, Jr., Deceased, claims damages for the pain, suffering and wrongful death of her decedent, JOHN WRANA, JR., and for the loss of his society and companionship, and for funeral and burial expenses under 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against defendants MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER, jointly and severally, for compensatory damages and punitive damages, plus costs, attorneys' fees, and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT VII

### Federal Civil Rights Claim Pursuant to 42 U.S.C. § 1983
### Failure to Provide Medical Attention – Due Process (MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER)

79.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations  contained in paragraphs 1 through 78 above, as if fully set forth here.

80.     At the time defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer shot, injured and forcefully seized plaintiff's decedent, JOHN WRANA, JR., Mr. Wrana was suffering from serious internal and external wounds to his body and was in serious medical need.

81.      At the time defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer shot, injured and forcefully seized plaintiff's decedent, JOHN WRANA, JR., each said defendant was deliberately indifferent to JOHN WRANA, JR.'s medical need and caused harm to JOHN WRANA, JR., under color of law, thus depriving him of his right to due process of law in violation of the Fourteenth Amendment of the United States Constitution, in that they failed and/or refused to allow personnel from Bud's Ambulance Service to render aid to Mr. Wrana; failed to have trained emergency medical technicians from the Park Forest Police Department at the scene before defendants seized and wounded Mr. Wrana when defendants knew they would not utilize personnel from Bud's Ambulance Service to offer assistance to Mr. Wrana; and intentionally delayed calling for medical assistance from the Park Forest Fire Department until after Mr. Wrana had been seized, subdued, handcuffed and photographed by defendants.

82.     Plaintiff, on behalf of the Estate of John Wrana, Jr., Deceased, claims damages for the pain, suffering and wrongful death of her decedent, JOHN WRANA, JR., and for the loss of his society and companionship, and for funeral and burial expenses under 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against defendants MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER, jointly and severally, for compensatory damages and punitive damages, plus costs, attorneys' fees, and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT VIII

### Federal Civil Rights Claim Pursuant to 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Right Against Loss of Life - Equal Protection/Due Process (MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER)

83.    Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations  contained in paragraphs 1 through 82 above, as if fully set forth here.

84.    Defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer acting under color of law, individually and in concert with each other, and with deliberate indifference, reached an understanding and agreement, engaged in a course of conduct, and otherwise conspired among and between themselves to deprive Plaintiff's decedent, JOHN WRANA, JR., of the rights and privileges of the laws against the deprivation of life, and of the equal protection and due process of the laws, thus violating his rights under the Fourteenth Amendment of the United States Constitution.

85.    Plaintiff, on behalf of the Estate of John Wrana, Jr., Deceased,  claims damages for the pain, suffering and wrongful death of her decedent, JOHN WRANA, JR., and for the loss of his society and companionship, and for funeral and burial expenses under 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against defendants MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER, jointly and severally, for compensatory damages and punitive damages, plus costs, attorneys' fees, and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT IX

### Federal Civil Rights Claim Pursuant to 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Right - Unreasonable Seizure/Equal Protection/Due Process (MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER)

86.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations contained in paragraphs 1 through 85 above, as if fully set forth here.

87.     Defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer acting under color of law, individually and in concert with each other, reached an understanding and agreement, engaged in a course of conduct, and with deliberate indifference, and otherwise conspired among and between themselves to deprive Plaintiff's decedent, JOHN WRANA, JR., of the rights and privileges of the laws which guaranteed him of his right to be free from unreasonable seizure and provide him equal protection and due process of the laws, thus violating his rights under the Fourth and Fourteenth Amendment of the United States Constitution.

88.     Plaintiff, on behalf of the Estate of John Wrana, Jr., Deceased, claims damages for the pain, suffering and wrongful death of her decedent, JOHN WRANA, JR., and for the loss of his society and companionship, and for funeral and burial expenses under 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. §1983 Plaintiff demands judgment against defendants MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER, jointly and severally, for compensatory damages and punitive damages, plus costs, attorneys' fees, and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT X

### Federal Civil Rights Claim Pursuant to 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Right Against Excessive Force/Equal Protection/Due Process (MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER)

89.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations  contained in paragraphs 1 through 88 above, as if fully set forth here.

90.     Defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer acting under color of law, individually and in concert with each other, reached an understanding and agreement, engaged in a course of conduct, and with deliberate indifference, and otherwise conspired among and between themselves to deprive Plaintiff's decedent, JOHN WRANA, JR., of the equal protection and due process of the laws which guaranteed him of his right to be free from excessive use of force as provided by the Fourth and Fourteenth Amendments of the United States Constitution.

91.     Plaintiff, on behalf of the Estate of John Wrana, Jr., Deceased,  claims damages for the pain, suffering and wrongful death of her decedent, JOHN WRANA, JR., and for the loss of his society and companionship, and for funeral and burial expenses under 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. §1983 Plaintiff demands judgment against defendants MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER, jointly and severally, for compensatory damages and punitive damages, plus costs, attorneys' fees, and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT XI

### Federal Civil Rights Claim Under 42 U.S.C. § 1983; MONELL CLAIM
### (VILLAGE OF PARK FOREST)

92.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations contained in paragraphs 1 through 91 above, as if fully set forth here.

93.     The actions of defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer, acting under color of law, were done pursuant to one or more of the following *de facto* policies, practices and/or customs of defendant VILLAGE OF PARK FOREST, and they are so pervasive that they carry the force of law:

A.     The VILLAGE OF PARK FOREST has a *de facto* policy, practice and/or custom of not properly training, supervising, or disciplining its police officers with respect to appropriate policies and procedures for police responses to crisis situations involving elderly citizens who exhibit signs and symptoms of physical limitations and/or are suffering emotional or behavioral symptoms relative to their advanced age; and/or

B.     The VILLAGE OF PARK FOREST has a *de facto* policy, practice and/or custom of not disciplining its police officers in cases where those officers have engaged in constitutional violations and criminal misconduct; and/or

C.     The VILLAGE OF PARK FOREST has a *de facto* policy, practice and/or custom of supporting, approving and/or encouraging the unlawful and/or unconstitutional actions of its police officers; and/or

D.     The VILLAGE OF PARK FOREST has a *de facto* policy, practice and/or custom of hiring and retaining unqualified police officers and failing to properly train, monitor and/or supervise its police officers.

94.     The aforementioned *de facto* policies, practices and/or customs of defendant VILLAGE OF PARK FOREST, individually and collectively, have been maintained and/or implemented with utter and deliberate indifference by defendant VILLAGE OF PARK FOREST and has or have encouraged and/or motivated defendants Chief of Police Butz, Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer, acting under color of law, to commit the aforesaid wrongful acts and conduct against Plaintiff's decedent, JOHN WRANA, JR., and, therefore, were the proximate cause of the injuries suffered by JOHN WRANA, JR., in his homicidal death.

95.     The aforementioned *de facto* policies, practices and/or customs of the VILLAGE OF PARK FOREST, individually and collectively, were prevalent and widespread within the PARK FOREST Police Department so as to place the defendant VILLAGE OF PARK FOREST policy makers on actual and implied notice that such policies, practices and/or customs existed in full force.

96.     The defendant VILLAGE OF PARK FOREST policy makers acted willfully, wantonly, maliciously and with deliberate indifference towards the constitutional rights of Plaintiff's decedent, JOHN WRANA, JR., by accepting, maintaining, protecting and encouraging the unconstitutional *de facto* policies, practices and/or customs stated herein.

97.     The defendant VILLAGE OF PARK FOREST policy makers willfully, wantonly and with deliberate indifference, approved, encouraged and otherwise caused the constitutional deprivations and violations against Plaintiff's decedent, JOHN WRANA, JR.'s rights to the equal protection and due process of the laws, provided under the Fourteenth Amendment of the United States Constitution.

98.     As a proximate result of the acts and/or omissions of defendant VILLAGE OF PARK FOREST, which caused, permitted and/or allowed the actions and inactions of defendants Chief of Police Butz, Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer committed pursuant to those actions and inactions as contained herein, Plaintiff's decedent, JOHN WRANA, JR., prior to his death, suffered great physical injuries, pain, mental anguish, emotional distress and humiliation which resulted in his death, as well as the loss and deprivation of the normal activities, pursuits and pleasures of life, and loss of life, all caused by the violations to and deprivations of his rights under the United States Constitution.

99.     Plaintiff, on behalf of the Estate of John Wrana, Jr., Deceased,  claims damages for the pain, suffering and wrongful death of her decedent, JOHN WRANA, JR., and for the loss of his society and companionship, and for funeral and burial expenses under 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against defendant VILLAGE OF PARK FOREST for compensatory damages plus costs, attorneys' fees, and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT XII

### Illinois Law—Wrongful Death Action (ALL DEDENDANTS)

100.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations contained in paragraphs 1 through 99 above, as if fully set forth here.

101.     At all times herein relevant, the defendants, CLIFFORD R. BUTZ, MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER, were agents and employees of defendant, VILLAGE OF PARK FOREST, and acting within the scope of their employment with defendant PARK FOREST.

102. On and before July 26, 2013, the defendants, and each of them, knew or should have known, that JOHN WRANA, JR., had committed no crime; that there was no lawful basis upon which to enter his private residence and, there was no police tactical intervention required to be used against Mr. Wrana.

103. On and before July 26, 2013, the defendants, and each of them, knew or should have known, that there was no immediate need for police intervention to be used against Mr. Wrana in his private residence.

104. On and before July 26, 2013, the defendants, and each of them, knew or should have known that the manufacturer of the Super-Sock Orange Hull 12 Gauge Bean Bag Cartridge, Model No. 2581, had specified that the shotgun was not to be fired at a human being at a distance of less than 15 feet.

105. On and before July 26, 2013, the defendants, and each of them, knew or should have known that the manufacturer of the Super-Sock Orange Hull 12 Gauge Bean Bag Cartridge, Model No. 2581, warned that the terminal velocity of a single deployed bean bag cartridge is 280 feet per second, or approximately 190 miles per hour.

106. On and before July 26, 2013, the defendants, and each of them, knew or should have known that the manufacturer of the Super-Sock Orange Hull 12 Gauge Bean Bag Cartridge, Model No. 2581, had specified that shots to the head, neck thorax, heart or spine could result in fatal injury.

107. On and before July 26, 2013, the defendants, and each of them, knew or should have known that the age of a potential human target was to be taken into consideration in deciding whether to discharge the shotgun; at what distance to discharge the weapon; and, the number of rounds to discharge, if any.

108.    On and before July 26, 2013, the defendants, and each of them, knew or should have known that Section 300.2.1 of the PARK FOREST Police Department Policy on Use of Force made it the duty of any officer present at a scene and observing another officer using force that is beyond that which was reasonable under the circumstances to intercede to prevent the use of unreasonable force.

109.    On and before July 26, 2013, the defendants, and each of them, knew or should have known that firing multiple rounds of Super-Sock Orange Hull 12 Gauge Bean Bag Cartridges, Model No. 2581 from a distance of only approximately 6 to 8 feet, at an almost 96 year old man, who had limited mobility and who required assistive devices to stand and walk, and aimed at his thorax and abdomen constituted deadly force as defined by 300.1.1 of the PARK FOREST Police Department Policy on Use of Force in that the force created a substantial likelihood of causing death or very serious injury.

110.    On and before July 26, 2013, the defendants, and each of them, knew or should have known that Section 300.3.2 and Section 300.3.3 of the PARK FOREST Police Department Policy on Use of Force required the defendants, in determining whether to apply force to plaintiff's decedent, to consider JOHN WRANA JR.'s age, his size, his relative strength, his skill level, his level of exhaustion or fatigue, the number of officers present versus Mr. Wrana, Mr. Wrana's mental state, the availability of other options and their possible effectiveness, the risk of Mr. Wrana escaping, the need for immediate control of Mr. Wrana, prior contact with Mr. Wrana or awareness of any propensity for violence, and whether Mr. Wrana had been given sufficient opportunity to comply.

111.    At the time and place aforesaid, the defendants, and each of them, knew or in the exercise of reasonable care should have known, that plaintiff's decedent, JOHN WRANA, JR., was exhibiting sudden and uncharacteristic behavior that was likely due to a physical ailment which was causing and/or contributing to his agitation, fear, and confusion as to the surrounding circumstances.

112.    At the time and place aforesaid, the defendants, and each of them, knew or in the exercise of reasonable care should have known, that neither the defendants nor the PARK FOREST Police Department had any prior contact with Mr. Wrana; and further knew or should have known that Mr. Wrana did not have a propensity for violence.

113.    At the time and place aforesaid, defendants and each of them knew or should have known there was only one door to plaintiff's decedent's room at Victory Centre; that the door to the room could be locked from the outside; that the defendants had the key to the door; and, that there was no way for Mr. Wrana to "escape" the room past five armed, much younger and much stronger police officers.

114.    At the time and place aforesaid, the defendants, and each of them, knew or should have known that it was nearly 9:00 p.m. at night and that, given Mr. Wrana's advanced age and limited mobility, in all likelihood he would quiet himself and fall asleep if left alone and undisturbed in his own room.

115.    Before and at the time and place aforesaid, the defendants VILLAGE OF PARK FOREST, by its agents and employees, and defendants, Chief CLIFFORD BUTZ and COMMANDER BAUGH,  knew or should have known that it was likely that serious bodily injury or death would result to citizens by allowing PARK FOREST police officers to respond to a situation involving an elderly senior citizen suffering from emotional and physical ailments

without the proper police training as to how to de-escalate the situation without violent force; or how to prevent provoking the situation; and by allowing officers to shoot repeated rounds from a bean bag shotgun at less than 15 feet directly at a senior citizen's chest and abdomen; and further, knew or should have known serious bodily injury or death would result in such scenarios without proper command supervision.

116.    On and before July 26, 2013, the defendant, VILLAGE OF PARK FOREST, an Illinois Municipal Corporation, by its agents and employees, including, but not limited to, CLIFFORD R. BUTZ, MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, MITCH GREER, and defendants CLIFFORD R. BUTZ, MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER individually, and each of them, in reckless and conscious disregard of the facts known to them and the known consequences of their conscious disregard of those facts, were guilty of one or more of the following acts of willful and wanton misconduct:

   a.  Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences, entered the private residence of JOHN WRANA, JR., without lawful authority knowing that Mr. Wrana had committed no crime; and that he had only refused to be transported to a hospital, which did not present a need for immediate police intervention, including police tactical intervention.

   b.  Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences permitted, allowed and/or fired five rounds of bean bags in rapid succession from a shotgun expelling Super-Sock Orange Hull 12 Gauge Bean Bag Cartridges, Model No. 2581, directly at plaintiff's decedent, JOHN WARNA, from a distance of approximately 6-8 feet when they knew or should have known that the shotgun cartridges' manufacturer specified the weapon was not to be discharged at a human being at a distance less than 15 feet;  or

   c.  Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences permitted, allowed and/or fired five rounds of bean bags in rapid succession from a shotgun expelling Super-Sock Orange Hull 12 Gauge Bean Bag Cartridges, Model No. 2581, directly at plaintiff's decedent, JOHN WARNA, from a distance of approximately 6-8 feet when they knew the terminal velocity of a single

deployed bean bag cartridge is 280 feet per second, or approximately 190 miles per hour; or

d. Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences permitted, allowed and/or fired five rounds of bean bags in rapid succession from a shotgun expelling Super-Sock Orange Hull 12 Gauge Bean Bag Cartridges Model No. 2581, directly at plaintiff's decedent, JOHN WARNA's thorax and abdomen; or

e. Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences failed or refused to take into consideration Plaintiff's decedent, JOHN WRANA, JR., advanced age of nearly 96 years old, his smaller size of 5'5" and 160 pounds, his much weaker strength, his lack of skills, his exhaustion, the number of police officers available and present versus plaintiff's decedent, his agitated and confused mental state and that he had no history of a propensity for violence, in violation of Section 300.3.2(c), (e) and (p) of the PARK FOREST Police Department Policy on Use of Force, and permitted, allowed, and/or fired 5 rounds of bean bags in rapid succession from a shotgun expelling Super-Sock Orange Hull 12 gauge Bean Bag Cartridges, Model No. 2581, directly at plaintiff's decedent, JOHN WARNA's thorax and abdomen from approximately 6 to 8 feet away; or

f. Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences failed or refused to de-escalate the situation involving plaintiff's decedent, JOHN WRANA, JR., when they knew or in the exercise of reasonable care should have known that Mr. Wrana likely was suffering from a physical ailment that was causing him to exhibit a sudden onset of strange and uncharacteristic behavior; or

g. Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences escalated the situation involving plaintiff's decedent, JOHN WRANA, JR., by physically moving in force into Mr. Wrana's small single room residence with multiple weapons and devices drawn and aimed at Mr. Wrana when they knew, or the exercise of reasonable care should have known, that their actions would threaten and further agitate Mr. Wrana; or

h. Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences and in violation of Section 300.3.2 (h) and Section 300.3.3 of the PARK FOREST Police Department Policy on Use of Force, failed or refused to take into consideration the availability of other non-violent options and their possible effectiveness and failed to give JOHN WRANA, JR., sufficient opportunity to comply, including non-violent alternatives such as allowing Mr. Wrana to remain alone and undisturbed in his room until he tired and/or fell asleep, and/or allowing the senior assisted living facility staff members who knew Mr. Wrana to intervene to gain Mr. Wrana's cooperation, and/or allowing time for a family member and/or trained and qualified person(s) to come to the facility to gain Mr. Wrana's cooperation with a transport to a hospital; or

i. Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences, and in violation of Section 300.2.1 of the PARK FOREST Police Department Policy on Use of Force, failed to intercede to prevent the use of unreasonable force in the form of 5 rounds of bean bags being fired directly at plaintiff's decedent, JOHN WRANA, JR., from a shotgun expelling Super-Sock Orange Hull 12 Gauge Bean Bag Cartridges, Model No. 2581, at a distance of approximately 6 to 8 feet away when they knew the cartridge discharged at a speed of 280 feet per second, or approximately 190 miles per hour; knew the bean bags shots could cause death or inflict great bodily harm on Mr. Wrana; knew it was 9:00 p.m. at night and the decedent would soon tire and likely fall asleep if left undisturbed; knew there were personnel from the senior assisted living facility on the floor who could help de-escalate the situation; knew the decedent nearly 96 years old and unable to move without assistance; knew the decedent was becoming increasingly agitated by the defendants' presence and threats; knew the decedent was likely suffering from a physical ailment that was causing or contributing to his agitation; knew there were non-violent methods to de-escalate the situation, and knew there was no avenue for Mr. Wrana to escape his room past 5 armed police officers; or

j. Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences, and in violation of Section 300.3 of the PARK FOREST Police Department Policy on Use of Force, used deadly force to subdue plaintiff's decedent, JOHN WRANA, JR.; or

k. Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences failed to properly train PARK FOREST police officers how to safely and properly respond to situations including elderly senior citizens suffering from emotional and physical ailments so as to prevent a dangerous and potentially deadly escalation of the circumstances; or

l. Wilfully and wantonly, recklessly and in conscious disregard of the known risks and consequences failed to properly supervise the PARK FOREST police officers who responded to JOHN WRANA, JR.'s residence at the assisted living facility on July 26, 2013, and their excessive use of force by those officers to subdue and restrain JOHN WRANA, JR.; and thereby suffered, permitted and allowed the use of such excessive force and, ultimately, deadly force.

117. As a proximate result of one or more of the foregoing willful and wanton acts or omissions by the defendants, and each of them, plaintiff's decedent, JOHN WRANA, JR., suffered serious personal injuries that resulted in his death on July 27, 2013, and the denial of his civil rights.

118.     Plaintiff, SHARON MANGERSON, is the duly appointed Independent Executor of the Estate of JOHN WRANA, JR., Deceased, pursuant to Order of court, and she brings this action in that capacity pursuant to the Wrongful Death Act of the State Illinois, 740 ILCS 180/1 *et. seq.*  Plaintiff's decedent, JOHN WRANA, JR., left surviving him his next of kin, each of whom suffered pecuniary losses, including a loss of his society and companionship, as a proximate result of his death, including: JOHN J. KRYGER, his nephew; ANN KRYGER, his niece; GAYLE AUGER (nee KRYGER), his niece; the heirs of JOSEPH L. KRYGER, (Deceased), his nephew; CAROLYN LUNA (nee Szamocki), his niece; KENNETH SZAMOCKI, his nephew; the heirs of DONALD SZAMOCKI (Deceased), his nephew; GERY WRANA, his nephew; DAVID BOUSQUET, his nephew; DUSTIN KRYGER, his grandnephew; SANTANA WRANA, his grandniece; GERY WRANA, his grandnephew; PAUL WRANA, his grandnephew; and any other surviving next of kin who may exist but are still unknown.

119.     Plaintiff, SHARON MANGERSON, is the duly appointed Independent Executor of the Estate of JOHN WRANA, JR., Deceased, pursuant to Order of court, and she brings this action in that capacity pursuant to the Wrongful Death Act of the State Illinois, 740 ILCS 180/1 *et. seq.*

WHEREFORE, plaintiff, SHARON MANGERSON, Independent Executor of the Estate of JOHN WRANA, JR., Deceased, demands judgment against the defendants, VILLAGE OF PARK FOREST, an Illinois Municipal Corporation, CLIFFORD R. BUTZ, MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER, and against each of them, in excess of $5,000,000.00.

## COUNT XIII

### Illinois Law—Survival Action (ALL DEDENDANTS)

120.    Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations contained in paragraphs 1 through 119 above, as if fully set forth here.

121.    As a proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of the defendants, and each of them, the plaintiff's decedent, suffered conscious pain and suffering and, had he survived, a cause of action would have accrued in his favor for such conscious pain and suffering and such action has thus survived his death.

122.    Plaintiff, SHARON MANGERSON, is the duly appointed Independent Executor of the Estate of JOHN WRANA, JR., Deceased, pursuant to Order of court, and she brings this action in that capacity pursuant to the Illinois Wrongful Death Act, Chapter 70, Sections 1 & 2 of the Illinois Revised Statutes (1984).

WHEREFORE, plaintiff, SHARON MANGERSON, Independent Executor of the Estate of JOHN WRANA, JR., Deceased, demands judgment against the defendants, VILLAGE OF PARK FOREST, an Illinois Municipal Corporation, CLIFFORD R. BUTZ, MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS, and MITCH GREER, and against each of them, in a sum in excess of  $5,000,000.00.

## COUNT XIV

### Illinois Law—Battery Claim (ALL DEDENDANTS)

123.    Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations  contained in paragraphs 1 through 122 above, as if fully set forth here.

124.     As fully described above, defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer under the command and supervision of Chief of Police Butz knowingly and intentionally engaged in wilful and wanton conduct which constituted a battery upon JOHN WRANA, JR., in that they intentionally touched JOHN WRANA, JR., against his will and with excessive force.

125.     As a proximate result of defendant police officers' unlawful physical contact, JOHN WRANA, JR., suffered severe physical injuries which caused his death by homicide.

126.     Illinois law specifically provides that defendant VILLAGE OF PARK FOREST is required to make payments for any compensatory damages on any judgment for tort against any employee acting within the scope of their employment.   Therefore, defendant VILLAGE OF PARK FOREST is liable as the principal for the tortious conduct of Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer under the command and supervision of Chief of Police Butz.

WHEREFORE, Plaintiff demands judgment against defendants, VILLAGE OF PARK FOREST, CLIFFORD R. BUTZ, MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER jointly and severally, for compensatory damages plus costs, attorneys' fees, and for additional punitive damages as the law allows, and for and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT XV

### Illinois Law -- Assault Claim (ALL DEFENDANTS)

127.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations  contained in paragraphs 1 through 126 above, as if fully set forth here.

128.     As fully described above, defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer under the command and supervision of Chief of Police Butz knowingly and intentionally unlawfully engaged in willful, wanton conduct which constituted an assault on JOHN WRANA, JR., in that their conduct placed Plaintiff's decedent, JOHN WRANA, JR., in apprehension of receiving a battery.

129.     As a proximate result of defendant police officers' unlawful conduct and actions, JOHN WRANA, JR., suffered severe emotional trauma prior to his death by homicide.

130.     Illinois law specifically provides that defendant VILLAGE OF PARK FOREST is required to make payments for any compensatory damages on any judgment for tort against any employee acting within the scope of their employment.   Therefore, defendant VILLAGE OF PARK FOREST is liable as the principal for the tortious conduct of Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer under the command and supervision of Chief of Police Butz.

WHEREFORE, Plaintiff demands judgment against defendants, VILLAGE OF PARK FOREST, CLIFFORD R. BUTZ, MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER jointly and severally, for compensatory damages plus costs, attorneys' fees, and for additional punitive damages as the law allows, and for and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT XVI

### Illinois Law—Intentional Infliction of Emotional Distress Claim
### (ALL DEDENDANTS)

131.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations  contained in paragraphs 1 through 130 above, as if fully set forth here.

132.     As fully described above, defendants Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer under the command and supervision of Chief of Police Butz knowingly, intentionally and unlawfully engaged in willful, wanton conduct which was extreme and outrageous and exceeded all bounds of human decency.

133.     The police officer defendants committed the actions and conduct set forth herein with the intent of inflicting severe emotional distress on Plaintiff's decedent, JOHN WRANA, JR., or knowing that there existed a high probability that their conduct would cause such distress.

134.     As a proximate result of defendant police officers' unlawful conduct and actions, Plaintiff's decedent, JOHN WRANA, JR., suffered severe emotional distress, mental anguish, anxiety attacks, fear and mental trauma prior to his death by homicide, resulting in the injury to his mind, body and nervous system, and having the personal knowledge that he was, in fact, in the process of dying from the shot gun wounds inflicted on his body by defendants.

135.     Illinois law specifically provides that defendant VILLAGE OF PARK FOREST is required to make payments for any compensatory damages on any judgment for tort against any employee acting within the scope of their employment.  Therefore, defendant VILLAGE OF PARK FOREST is liable as the principal for the tortious conduct of Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer under the command and supervision of Chief of Police Butz.

WHEREFORE, Plaintiff demands judgment against defendants, VILLAGE OF PARK FOREST, CLIFFORD R. BUTZ, MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER, jointly and severally, for compensatory damages plus costs, attorneys' fees, and for additional punitive damages as the law allows, and for and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT XVII

### Illinois Law—*Respondeat Superior* Claim (ALL DEDENDANTS)

136.    Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations contained in paragraphs 1 through 135 above, as if fully set forth here.

137.    Defendants Chief of Police Butz, Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer, were at all relevant times, employed by and working for defendant VILLAGE OF PARK FOREST and acted in the scope of their employment as agents and representatives of VILLAGE OF PARK FOREST. Therefore, defendant VILLAGE OF PARK FOREST is liable as the principal for the tortious conduct of its agents and is liable for the actions and inactions committed as stated herein by Chief of Police Butz, Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer.

WHEREFORE, Plaintiff demands judgment against defendant VILLAGE OF PARK FOREST for compensatory damages on all claims for civil rights violations, wrongful death, survivorship action, assault, intentional infliction of emotional distress, assault and battery, plus costs, attorneys' fees, and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT XVIII

### Illinois Law--Indemnification Pursuant to 735 ILCS 10/9-102 (VILLAGE OF PARK FOREST)

138.    Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations contained in paragraphs 1 through 137 above, as if fully set forth here.

139.    Defendants Chief of Police Butz, Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer, were at all relevant times, employed by and working for defendant VILLAGE OF PARK FOREST and acted in the scope of their employment as agents and

representatives of VILLAGE OF PARK FOREST. Therefore, defendant VILLAGE OF PARK FOREST is liable as the principal for the tortious conduct of its agents and is liable for the actions and inactions committed as stated herein by defendants Chief of Police Butz, Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer.

140.   Defendant VILLAGE OF PARK FOREST is a municipal corporation within the meaning of 735 ILCS 10/9-102 for all actual damages caused by defendants Chief of Police Butz, Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer, caused while acting in the scope of their employment with VILLAGE OF PARK FOREST.

141.   Defendant VILLAGE OF PARK FOREST is liable to Plaintiff for an amount which shall compensate her as Independent Executor of the Estate of JOHN WRANA, JR., deceased, including but not limited to JOHN WRANA, JR.'s civil rights violations, wrongful death by homicide, survivorship rights, pain and suffering, emotional distress, battery, assault and other unlawful acts caused by the wrongful willful and wanton acts of defendants Chief of Police Butz, Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer.   Accordingly, Plaintiff demands indemnification for any judgment entered in this matter arising from defendants' actions and inactions, plus costs, attorneys' fees, and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT XIX

### Punitive Damages Pursuant to 42 U.S.C. § 1983 and Illinois Law
### (CLIFFORD R. BUTZ, MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER)

142.   Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations contained in paragraphs 1 through 141 above, as if fully set forth here.

143.     Defendants Chief of Police Butz, Commander Baugh, Corporal Elliot, Taylor, Hoskins and Greer, committed the actions and conduct stated herein wilfully, wantonly, intentionally, knowingly, maliciously, in bad faith and with deliberate disregard for the physical and mental condition and constitutional rights of Plaintiff's decedent, JOHN WRANA, JR.

WHEREFORE, Plaintiff demands judgment against defendants, CLIFFORD R. BUTZ, MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER jointly and severally, for punitive damages and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT XX

### Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1988 (ALL DEFENDANTS)

144.     Plaintiff re-alleges and incorporates herein by reference each and every of the foregoing allegations  contained in paragraphs 1 through 143 above, as if fully set forth here.

145.     This is an action to enforce, *inter alia,* 42 U.S.C. § 1983 for the vindication of her decedent's civil rights violations.  Therefore, the award of reasonable attorneys' fees and costs are proper.

WHEREFORE, pursuant to 42 U.S.C. § 1988 Plaintiff respectfully requests judgment for attorneys' fees and costs incurred in the vindication of the civil rights violations suffered by her decedent, JOHN WRANA, JR., against defendants, VILLAGE OF PARK FOREST, CLIFFORD R. BUTZ, MICHAEL BAUGH, CRAIG TAYLOR, LLOYD ELLIOT, CHARLIE HOSKINS and MITCH GREER, jointly and severally, and any and all other relief that this Court deems just, fair, necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,

SHARON MANGERSON, Independent Executor of the
Estate of JOHN WRANA, JR., Deceased


By:     /s/ Nicholas G. Grapsas
        One of Her Attorneys




Nicholas G. Grapsas, Esq.
Nicholas G. Grapsas, LTD.
1622 Colonial Parkway, Suite LA
Inverness, IL.  60067
847-963-0100
847-496-4148 (Fax)
nggsr@comcast.net
ARDC # 6197296


Alice E. Dolan, Esq.
Alice E. Dolan & Associates LLC
30 West Monroe Street, Suite 800
Chicago, Illinois  60603
312-386-1600
312-386-1616 (Fax)
aed@dolanlaw.com
ARDC # 6184005