SHARON MANGERSON, Independent Executor
of the Estate of JOHN WRANA, JR., Deceased,

                Plaintiff

v.                                     Case No. 14 CV 4661

VILLAGE OF PARK FOREST, *et al.*,

                Defendants.

## PLAINTIFF'S MOTION TO DISQUALIFY AND STRIKE THE APPEARANCES OF TERRY A. EKL, TRACY STANKER AND EKL, WILLIAMS & PROVENZALE LLC

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON MANGERSON, Independent Executor ) <br> of the Estate of JOHN WRANA, JR., Deceased, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> VILLAGE OF PARK FOREST, ) <br> an Illinois Municipal Corporation, ) <br> MICHAEL BAUGH, individually, ) <br> CHARLES HOSKINS, individually, ) <br> CRAIG TAYLOR, individually, ) <br> LLOYD ELLIOT, individually, ) <br> and MITCH GREER, individually, ) <br> ) <br> Defendants. ) | Case No. 14 CV 4661 <br> Judge Amy J. St. Eve <br> Magistrate Jeffrey T. Gilbert |

## AFFIDAVIT OF NICHOLAS G. GRAPSAS

Nicholas G. Grapsas, being first duly sworn on oath, and based upon personal knowledge, except as to those matters to which are stated upon information and belief, and as to those he verily states based thereon, testifies as follows:

1. I am an attorney, licensed in the State of Illinois. My law firm, Nicholas G. Grapsas, Ltd. and I were retained by Plaintiff Sharon Mangerson to represent her in the above-captioned matter with respect to the events in this case. After we were retained, I personally met and consulted with Terry Ekl at his offices at the firm of Ekl, Williams & Provenzale LLC, located at 901 Warrenville Road, Lisle, Illinois regarding the filing and prosecution of *this case*. This meeting occurred on August 2, 2013, at approximately 10:30 a.m.

2. I met with Ekl on behalf of Plaintiff in order to gain Ekl's professional legal advice, recommended strategy and suggestions related to the investigation, discovery and prosecution of civil claims against the Village of Park Forest and its police officers who were responsible for the death of plaintiff's decedent, John Wrana, Jr. based upon information that I shared with Ekl during our meeting, and which I had discovered through a preliminary investigation.

3.  I also met with Ekl to explore the prospect of retaining Ekl's legal services in jointly representing plaintiff with me *in this case* against defendant Village of Park Forest and its individual defendant officers.

4.  In response to the facts and information that I shared with Ekl, he advised me regarding, among other things, (1) recommended steps to take in investigating the actions of the Village of Park Forest police officers who killed Mr. Wrana, (2) the recommended judicial forum in which to file an action against them, (3) the recommended nature of the action, the legal theories upon which to include in that action against Village of Park Forest and the individual defendant police officers, and (4) the recovery of attorneys' fees against defendants.

5.  In addition, Ekl and I discussed the prospect of jointly representing Plaintiff Sharon Mangerson against defendant Village of Park Forest and its individual defendant police officers in this case. Ekl advised me, among other things, of the following:

(a)  Ekl's belief as to how defendant Village of Park Forest would likely respond with respect to settlement of Plaintiff's claims;

(b)  Ekl's belief as to the settlement value of plaintiff's claims;

(c)  Ekl's recommendation that he not be retained until and unless there was no settlement and the matter needed to go to court;

(d)  Ekl's fee structure requirement in the event an action needed to be filed, and he were retained by Plaintiff to represent her jointly with me in this case; and

(e)  Ekl's agreement to consult with me in drafting the complaint in this case against defendants, if I requested his assistance.

6.  After that meeting, I also spoke to Ekl by telephone with follow-up questions related to strategy and procedure concerns that I had for this case. Plaintiff, Sharon Mangerson, was advised of the conference with Ekl both prior to and with the results after the consultation. This included the fact that if this matter ultimately went to court, Ekl would be retained to jointly represent her in this case.

7.  On March 31, 2014, I coincidentally met and then briefly spoke to Ekl in the second floor cafeteria at the Cook County Criminal Courts Building at 2650 S. California Avenue, Chicago, Illinois. At that time I briefly summarized the status of my investigation of Mr. Wrana's homicide and shared with Ekl my future intentions, including my time frame in filing a civil rights action in the matter.

8. The following day, April 1, 2014, I was contacted by Assistant State's Attorney William Delaney of the Cook County State's Attorney's Office. A.S.A. Delaney advised me that criminal charges were being filed the next day, April 2, 2014, in connection with the homicide of John Wrana, Jr. against defendant Police Officer Craig Taylor. Defendant Taylor is the shooter among the individual defendant officers who killed Plaintiff's decedent, Mr. Wrana. At that same time, A.S.A. Delaney advised me that Ekl represented defendant Craig Taylor in that criminal case. On information and belief Plaintiff, Sharon Mangerson, was never notified of Ekl's representation of defendant Taylor. Likewise, I never received any other notice or communication that Ekl was acting as defendant Craig Taylor's attorney relative to the homicide of Plaintiff's decedent, John Wrana, Jr.

9. On April 2, 2014, Ekl appeared in court on behalf of defendant Taylor at his initial appearance and bond hearing of his criminal prosecution.

10. Plaintiff, Sharon Mangerson, has never waived or consented to any conflicts which exist as a result of these events, nor have I, as her attorney, ever been contacted with respect to the issue of any such consent or waiver of conflict. Plaintiff continues to preserve her privileges with respect to Ekl and does not waive any conflicts.

FURTHER AFFIANT SAYETH NOT.

_____
Nicholas G. Grapsas

Subscribed and Sworn to Before Me
this 4th day of October, 2015

_____
NOTARY PUBLIC

My Commission Expires on 12/22/17