**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON MANGERSON, as | ) | |
| Independent Executor of the ESTATE | ) | Case No. 14 C 4661 |
| OF JOHN WRANA, JR., | ) | |
| | ) | Hon. Amy J. St. Eve, |
| Plaintiff, | ) | District Judge |
| | ) | |
| v. | ) | Hon. Jeffrey T. Gilbert, |
| | ) | Magistrate Judge |
| VILLAGE OF PARK FOREST, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**MOTION TO COMPEL DEFENDANTS TO RESPOND TO
DISCOVERY REQUESTS AND THE INDIANA STATE
POLICE TO RESPOND TO A SUBPOENA REGARDING THE
<u>INDIANA STATE POLICE INVESTIGATION OF DEFENDANT TAYLOR</u>**

Plaintiff, SHARON MANGERSON, as Independent Executor of the ESTATE

OF JOHN WRANA, JR., respectfully moves this Court for an order: (1) compelling

Defendants to produce all documents in their possession relating to the

investigation of Defendant Taylor by the Indiana State Police (the "ISP") and Park

Forest's corresponding decision to place Defendant Taylor on administrative leave;

(2) compelling employees of Park Forest to respond to deposition questions on the

same subjects; and (3) compelling the ISP to produce documents responsive to

Plaintiff's subpoena *duces tecum*. In support, Plaintiff states as follows:

**INTRODUCTION**

The Indiana State Police are currently investigating Defendant Taylor on

suspicion of criminal activity, the nature of which is still unknown to Plaintiff.

Plaintiff has served discovery requests on Defendants and has posed questions at depositions of employees of Park Forest regarding this investigation. Defendants have refused to answer those requests and questions, citing the so-called law enforcement privilege and various Illinois statutes and rules limiting disclosure. At the same time, Plaintiff has served a subpoena *duces tecum* on the ISP, seeking documents relating to the investigation. The ISP has similarly refused to produce documents, also citing the law enforcement privilege, as well as an Indiana statute.

This Court should compel Defendants and the ISP to respond to the pending discovery requests. As explained in more detail below, Defendants are not entitled to assert the law-enforcement privilege in this circumstance; neither Defendants nor the ISP have properly asserted the privilege, as a procedural matter; and even if the privilege had been properly asserted, it should give way to Plaintiff's need for discovery in this case, particularly given that the documents in question can be designated confidential under the Court's existing protective order. In addition, Defendants' and the ISP's arguments that state laws restrict federal discovery in this case lack merit.

### RELEVANT FACTS

On November 12, 2015, Defendants produced a document to Plaintiff, which makes clear that Defendant Taylor is under investigation by the Indiana State Police and is on administrative leave as a result. Plaintiff does not know what alleged criminal activity the ISP is investigating.

On the same day, Plaintiff requested that Defendants supplement their production with all documents relating to the investigation of Defendant Taylor and his corresponding administrative leave. Exhibit A, Correspondence from Plaintiff to Defendants, Nov. 12, 2015. Defendants initially responded that they had no responsive documents in their possession. Exhibit B, Correspondence from Defendants to Plaintiff, Nov. 13, 2015. Two weeks later, Defendants informed Plaintiff that they in fact possessed documents relating to the investigation from the Department of Children and Family Services. Exhibit C, Correspondence from Defendants to Plaintiff, Dec. 1, 2015. Defendants stated, "This document is being withheld in accordance with the Abused and Neglected Child Reporting Act, the Children and Family Services Act, the Illinois Administrative Code, as well as protections provided by the law enforcement privilege as there is an ongoing investigation." *Id.*

Shortly thereafter, the parties conferred pursuant to Rule 37 and were unable to reach agreement about the production of documents in Defendants' possession. The parties are now at impasse with respect to these documents.

At the same time, Plaintiff sent a subpoena *duces tecum* to the ISP requesting documents relating to its investigation of Defendant Taylor. Exhibit D, Notice and Subpoena to the ISP, Nov. 12, 2015. The week after serving the subpoena, counsel for Plaintiff conferred by telephone with counsel for ISP, who asked that Plaintiff withdraw her subpoena. Plaintiff declined to do so, and after Plaintiff granted the ISP additional time to respond to Plaintiff's subpoena, the ISP

responded with a letter, in which it refuses to provide documents. Exhibit E, Letter from ISP to Plaintiff, Jan. 15, 2016. In that letter, the ISP states that it will not produce the documents requested, because they are protected from disclosure by Indiana statute, as well as the law enforcement privilege and the work-product doctrine. *See id.*[1]

Finally, Plaintiff has asked Defendants and their employees, including current Park Forest Chief of Police Green, questions relating to the investigation and administrative leave of Defendant Taylor. During his deposition on December 14, 2015, Chief Green acknowledged that the Park Forest Police Department is not conducting any investigation of Defendant Taylor relating to the Indiana State Police investigation. At the same time, on advice of his counsel, Chief Green asserted the law enforcement privilege, and on that basis refused to answer any questions about the investigation of Defendant Taylor. Attorneys at that deposition agreed to defer questioning on the topic until after the Court ruled on this motion to compel.[2]

## ARGUMENT

This Court should compel Defendants and the ISP to answer Plaintiff's pending discovery requests. None of the objections they have raised justifies concealing information about Defendant Taylor that may be relevant and

---

[1] Based on conversations with the Indiana Attorney General, Plaintiff expected the ISP to file a motion to quash Plaintiff's subpoena. It now appears that the ISP does not intend to file a motion. Nonetheless, the Indiana Attorney General has made clear to Plaintiff's counsel that it will not produce any documents without a Court order.

[2] The transcript of Chief Green's deposition has not been prepared at this point. If the Court wishes to review the parties' exchange during that deposition, Plaintiff would be happy to provide it.

admissible at a trial of Plaintiff's claims. Plaintiff addresses Defendants' and the

ISP's assertions of the law-enforcement privilege, before turning to their citation of

state statutes.

**A.** **DEFENDANTS ARE NOT ENTITLED TO RAISE THE LAW ENFORCEMENT PRIVILEGE IN THESE CIRCUMSTANCES**

Defendants' assertion of the law-enforcement privilege is meritless. Chief

Green stated unequivocally in his deposition that Park Forest is not involved in the

ISP investigation of Taylor. (His counsel stated that Park Forest and its employees

were cooperating in the investigation.) As other courts have noted, "the law

enforcement or investigatory privilege specifically belongs to the entity conducting

the investigation and must be asserted by this entity. A distinctive attribute of any

privilege is that only the holder of the privilege has the ultimate power to assert the

privilege." *Alexander v. F.B.I.*, 186 F.R.D. 12, 17 (D.D.C. May 4, 1998). By

cooperating in the ISP investigation, Park Forest and its employees are situated

exactly as private citizens are with respect to the criminal investigation of Taylor

and therefore can claim no entitlement to the privilege. *See, e.g., In re M & L

Business Mach. Co., Inc.*, 161 B.R. 689, 694 (D. Co. Nov. 3, 1993) (holding that an

entity that is not actually conducting the investigation "may not assert the qualified

privilege relating to law enforcement materials for its own benefit"). The fact that

Defendants are law enforcement officers does not entitle them to a privilege over an

investigation they are not conducting. Defendants' assertion of the law-enforcement

privilege should be overruled for that reason alone.

**B.    NIETHER DEFENDANTS NOR THE ISP HAS JUSTIFIED APPLICATION OF THE LAW ENFROCEMENT PRIVILEGE IN THIS CASE**

Even if Defendants were entitled to assert the law-enforcement privilege, both Defendants and the ISP have failed to meet their burden to show that the law-enforcement privilege should bar the discovery that Plaintiff seeks in this case.[3] The party asserting the law enforcement privilege bears the burden of justifying its application. *See*, *e.g.*, *Preston v. Unknown Chicago Police Officer No. 1*, No. 10 C 136, 2010 WL 3273711, at *2 (N.D. Ill. Aug. 16, 2010); *Hallett v. Village of Richmond*, No. 05 C 50044, 2006 WL 2088214, *2 (N.D. Ill. July 25, 2006); *Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D. Ill. 1997). The analysis proceeds in two steps: first, the party claiming the law enforcement privilege must properly raise that privilege; second, if the privilege has been properly raised, the proponent of the privilege must show that the plaintiff's need for access to particular information is outweighed by the need for law enforcement secrecy. *Lewis v. City of Chicago*, 04 C 3904, 2004 WL 2608302, at *2 (N.D. Ill. Nov. 16, 2004). Defendants and the ISP fail to shoulder their burden on both points.

**1.  The Law Enforcement Privilege Has Not Been Properly Asserted**

Before discussing the merits of applying the law-enforcement privilege to this case, this Court must first determine whether Defendants and the ISP have

---

[3] ISP also asserts that documents responsive to Plaintiff's subpoena are work product. This protection is not available to the non-party ISP in this circumstance, *see Ostrowski v. Holem*, No. 02 C 50281, 2002 WL 31956039, at *4 (N.D. Ill. Jan. 21, 2002); *Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041, at *2 (N.D. Ill. Nov. 13, 1997), and to the extent there is some work-product-type protection because of the ongoing investigation, that protection would be coextensive with the law-enforcement privilege.

properly raised the privilege. Before the law enforcement privilege will apply, "a 'responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explaining why the information falls within the scope of the privilege.'" *Munive v. Town of Cicero*, No. 12 C 5481, 2013 WL 1286664, at *2 (N.D. Ill. Mar. 28, 2013) (quoting *Hallett*, 2006 WL 2088214, at *2*); see also Holten v. City of Genoa*, No. 02 C 50201, 2003 WL 22118941, at *2 (N.D. Sep. 12, 2003).

Courts routinely hold that conclusory and generalized assertions of the law enforcement privilege are insufficient to properly raise the privilege. *See*, *e.g.*, *Munive*, 2013 WL 1286664, at *2 (blanket assertion of privilege to cover an entire investigative file is not sufficiently detailed to properly raise the law enforcement privilege); *Craig v. City of Chicago*, No. 08 C 2275, 2010 WL 529447, at *2 (N.D. Ill. Feb. 8, 2010) (defendant's failure to provide a privilege log or an explanation of what materials it wishes to withhold in litigation forecloses that defendant from relying on the law enforcement privilege); *Padilla v. City of Chicago*, No. 06 C 5462, 2009 WL 4891943, at *2 (N.D. Ill. Dec. 14, 2009) (defendant's failure to provide a detailed explanation about why particular materials must be protected from public disclosure is a procedural bar to application of the law enforcement privilege); *Thayer v. Chiczewski*, Nos. 07 C 1290 & 1406, 2009 WL 2192581, at *3 (N.D. Ill. July 20, 2009) (assertions of the law enforcement privilege and attempts to justify that privilege in a party's briefs are not sufficient to raise the privilege where a

sufficiently detailed affidavit is absent); *Hallett*, 2006 WL 2088214, at \*2 (law

enforcement privilege cannot be applied where the law enforcement agency "failed

to explain with particularity the reasons that the information sought . . . is

privileged"); *Ostrowski v. Holem*, No. 02 C 50281, 2002 WL 31956039, at \*2 (N.D.

Ill. Jan. 21, 2002) (law enforcement privilege cannot be applied where the defendant

fails to identify particular information for which protection is sought and instead

makes sweeping generalizations about need for privilege).

Defendants and the ISP assert the privilege without any accompanying

affidavit of a responsible official and without any explanation whatsoever of why

particular materials in their possession fall within the scope of the privilege. *See*

Exhibits C & E. These assertions are procedurally insufficient, and the Court can

overrule Defendants' and the ISP's assertion of the law-enforcement privilege on

that ground alone.

> 2. **The Law Enforcement Privilege Must Give Way to Plaintiff's Need for Discovery In This Case, and Any Competing Concern About Confidentiality Can Be Addressed Using This Court's Protective Order**

Assuming for the sake of argument that Defendants and the ISP had

properly raised the law enforcement privilege, that privilege should give way in this

case to Plaintiff's need for discovery. The law enforcement privilege is not absolute.

*Thayer*, 2009 WL 2192581, at \*3 (citing *Dellwood Farms, Inc. v. Cargill, Inc.*, 128

F.3d 1122, 1125 (7th Cir. 1997)). Instead, "it is a qualified privilege under which the

need for secrecy must be balanced against the plaintiff's need for access to the

information." *Santiago v. City of Chicago*, 09 C 3137, 2010 WL 1257780, at \*3 (N.D.

Ill. Mar. 26, 2010); *see also Sanders v. Crotty*, No. 06 C 5159, 2008 WL 905993, at *5

(N.D. Ill. Apr. 3, 2008) (noting that the privilege must yield when the need of the

party seeking disclosure of information outweighs the need of the law enforcement

agency asserting the privilege); *United States v. Delatorre*, 438 F. Supp. 2d 892, 902

(N.D. Ill. 2006) ("[The law enforcement privilege] can be overridden in appropriate

cases by the need for the privileged materials.").[4] The balancing of the need for

disclosure of information is left to the Court's discretion. *Lewis*, 2004 WL 2608302,

at *1-2.

Without any indication from Defendants or the ISP of what type of

information is being withheld or the reasons for the withholding, it is difficult for

Plaintiff to describe in detail why particular documents in Defendants' or the ISP's

possession are necessary to discovery. That said, information about a defendant's

alleged misconduct is discoverable in a § 1983 lawsuit regarding police misconduct,

because that information may well lead to evidence admissible under Federal Rule

of Evidence 404(b) or to evidence supporting Plaintiff's municipal theories of

liability. *See, e.g.*, *Clark v. Ruck*, No. 13 C 3747, 2014 WL 1477925, at *2 (N.D. Ill.

Apr. 15, 2014) (collecting cases standing for the proposition that employee files are

discoverable for this reason). Plaintiff is entitled to discover what alleged

misconduct of Defendant Taylor has caused the ISP to investigate him criminally

and has caused Defendants to suspend him from his position as a law enforcement

---

[4] While some courts have used the 10-factor test set out in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973), to weigh assertions of the law enforcement privilege, the Seventh Circuit has not adopted that test and courts in this District have rejected it as unhelpful in cases that require the judge to evaluate the competing interests of a plaintiff and law enforcement. *E.g.*, *Lewis*, 2004 WL 2608302, at *2 n.2.

officer. Defendant Taylor is at the center of this case—he is the individual who shot and killed Mr. Wrana—and so evidence of his misconduct may turn out to be highly relevant to Plaintiff's claims at trial.

As in most ongoing criminal investigations, there are likely sensitive investigative materials that should be protected. "That does not mean, however, that all documents . . . are privileged because they were created pursuant to an investigation that is still ongoing." *Santiago*, 2010 WL 1257780, at *4 (citing *Bond v. Utreras*, No. 4 C 2617, 2006 WL 1343666, at *2 (N.D. Ill. May 12, 2006), for the proposition that "it is not enough for Defendants to assert that the documents must be protected solely because they relate to an ongoing investigation. There is simply no support in the law for this position"). Instead, any competing concern about confidentiality of investigative materials that exists can be managed using this Court's protective order, Doc. No. 92, as many courts in this District have done in similar circumstances, *see*, *e.g.*, *Santiago*, 2010 WL 1257780, at *4 (concluding that all concerns weighing in favor of applying the law enforcement privilege were alleviated through entry of a protective order); *Lewis*, 2004 WL 2608302, at *3 (same). Accordingly, should this Court conclude that there are valid law enforcement reasons for the ISP to protect materials relating to the investigation of Defendant Taylor in this case, and that those reasons outweigh Plaintiff's interest in discovery, the Court should order disclosure of the documents pursuant to the terms of its confidentiality order.[5]

---

[5] Or pursuant to the terms of an even-stricter confidentiality order.

**C. ILLINOIS AND INDIANA STATUTES DO NOT PROTECT THE DISPUTED DOCUMENTS FROM DISCLOSURE**

The ISP states that it cannot respond to Plaintiff's subpoena because of an Indiana statute restricting release of investigative records. Exhibit E (citing Ind. Code § 5-14-3-4). For their part, Defendants assert that the Illinois Abused and Neglected Child Reporting Act, the Illinois Children and Family Services Act, and the Illinois Administrative Code authorize them to withhold information. Exhibit C. Presumably, the documents Defendants are withholding implicate provisions restricting disclosure of information relating to child abuse and foster parenting. *See*, *e.g.*, 325 ILCS 5/11; 20 ILCS 505/35.3; 89 Ill. Admin. Code 431.40.

These state-law restrictions on document disclosure do not apply in this federal question case. *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004); *see also Memorial Hosp. for McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981) (holding that where the principal claim is federal, a district court need not apply state law in determining whether materials should be disclosed); *Ligas v. Maram*, No. 5 C 4331, 2007 WL 2316940, at *6-7 (N.D. Ill. Aug. 10, 2007) (refusing to apply Illinois statute restricting disclosure in federal question case). With respect to the Indiana statute cited by the Indiana Attorney General, federal courts have established that this statute does not justify refusal to answer a Rule 45 subpoena served in federal litigation. *See*, *e.g.*, *D.O.H. v. Lake Cent. School Corp.*, No. 11 C 430, 2014 WL 6909011, at *5 (N.D. Ind. Dec. 8, 2014) (collecting cases). To the extent that the policies animating these state laws justify protection of non-parties to this litigation under Rule 26, *cf. Doe ex rel. Doe v. St. Clair County*,

11

No. 7 C 142, 2008 WL 681486, at *1-2 (S.D. Ill. Mar. 7, 2008), production of documents under the Court's protective order is again sufficient to serve that interest.

## CONCLUSION

For all of the foregoing reasons, Defendants' and the ISP's arguments for withholding records relating to the ongoing ISP investigation of Defendant Taylor lack merit. This Court should grant Plaintiff's motion to compel.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests that the Court enter an order: (1) compelling Defendants to produce all documents in their possession relating to the investigation of Defendant Taylor by the ISP and Park Forest's corresponding decision to place Taylor on administrative leave; (2) compelling employees of Park Forest to respond to deposition questions on the same subjects; and (3) compelling the ISP to produce documents responsive to Plaintiff's subpoena *duces tecum*.

RESPECTFULLY SUBMITTED,

 /s/ Steve Art
*One of Plaintiff's Attorneys*

Jon Loevy
Arthur Loevy
Russell Ainsworth
Roshna Bala Keen
Julie Goodwin
Steve Art
LOEVY & LOEVY
312 N. May St., Suite 100d
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

**CERTIFICATE OF SERVICE**

I, Steven Art, an attorney, hereby certify that on January 25, 2016, I filed the foregoing MOTION TO COMPEL DEFENDANTS TO RESPOND TO DISCOVERY REQUESTS AND THE INDIANA STATE POLICE TO RESPOND TO A SUBPOENA REGARDING THE INDIANA STATE POLICE INVESTIGATION OF DEFENDANT TAYLOR using the Court's CM/ECF system, which effected service on all counsel of record. I also served the foregoing Motion on the Indiana State Police via U.S. Certified Mail Return Receipt 7015 0640 0006 7130 9245 to the attention of attorney Daniel Gore at the State of Indiana Office of the Attorney General.

                         /s/ Steve Art
                         *One of Plaintiff's Attorneys*

Jon Loevy
Arthur Loevy
Russell Ainsworth
Roshna Bala Keen
Julie Goodwin
Steve Art
LOEVY & LOEVY
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900
steve@loevy.com