STATE OF INDIANA
## OFFICE OF THE ATTORNEY GENERAL

INDIANA GOVERNMENT CENTER SOUTH, FIFTH FLOOR
302 W. WASHINGTON STREET • INDIANAPOLIS, IN 46204-2770
www.AttorneyGeneral.IN.gov

**GREG ZOELLER**
INDIANA ATTORNEY GENERAL

TELEPHONE: 317.232.6201
FAX: 317.232.7979

January 15, 2016

*Via electronic mail and U.S. mail*

Julie M. Goodwin
LOEVY & LOEVY
312 N. May St. Ste. 100
Chicago, IL 60607

RE: *Sharon Mangerson v. Village of Park Forest, et al.*
Case No. 14-CV-4661

Dear Ms. Goodwin:

I represent the Indiana State Police ("ISP"), a nonparty in the lawsuit brought by Sharon Mangerson against Village of Park Forest and others. The ISP has been served with a subpoena to produce documents, information or objects in this civil matter. Specifically, the ISP is being asked to produce material relevant to:

> Any and all documents, records, notes, photographs, video, statements, summaries of statements, investigative reports, complaints, or any other thing related to any investigation undertaken by the Illinois State Police into Craig Taylor or any incident involving Mr. Taylor.

The ISP has reviewed its policy and procedures, as well as relevant law regarding the production of documents that are in its possession concerning Craig Taylor, and have concluded that these documents are exempt from disclosure requirements, and are confidential and privileged.

The records requested are part of an ongoing investigation and are exempt from disclosure requirements by Indiana statute:

> (b) Except as otherwise provided by subsection (a), the following public records shall be excepted from section 3 of this chapter at the discretion of a public agency:
> (1) Investigatory records of law enforcement agencies. Ind. Code § 5-14-3-4

The law enforcement investigatory privilege and work-product privilege apply to all or parts of the request, and ISP will not produce such documents without Court Order.

Additionally, disclosure of any records in possession of ISP relating to an ongoing investigation would have a chilling effect on witnesses coming forward, as well as have the potential to impact public safety. *See Hernandez v. Longini*, 1997 WL 754041, *3–4 (N.D.Ill.1997). The potential harm to individuals who provided police agencies with information in having their identities disclosed cannot be understated. *Tuite v. Henry*, 181 F.R.D. 175, 179 (D.D.C. 1998) aff'd, 203 F.3d 53 (D.C. Cir. 1999). Revealing law enforcement investigatory tactics, especially in an ongoing investigation, would compromise the effectiveness of the police agency investigating possible crimes and negatively impact public safety. *Jones v. City of Indianapolis*, 216 F.R.D. 440, 446 (S.D. Ind. 2003).

Finally, a review of the pleadings filed in the above-referenced lawsuit and the documents in the possession of the ISP responsive to the subpoena show that the documents are wholly irrelevant to the claims and defenses brought by the parties, and would further no purpose other than to place an unnecessary burden on the ISP and negatively impact an ongoing police investigation.

If you would like to discuss the subpoena further, please do not hesitate to contact me.

Sincerely,

*/s/ Daniel Gore*

Daniel Gore
317-232-5920
Daniel.Gore@atg.in.gov

2