IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON MANGERSON, as Independent Executor of the ESTATE OF JOHN WRANA, JR., | ) ) ) ) | Case No. 14 C 4661 |
| Plaintiff, | ) ) ) | Hon. Amy J. St. Eve, District Judge |
| v. | ) ) ) | Hon. Jeffrey T. Gilbert, Magistrate Judge |
| VILLAGE OF PARK FOREST, *et al.*, | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**UNOPPOSED MOTION TO APPROVE SETTLEMENT
AND TO ALLOCATE PROCEEDS OF SETTLEMENT**

Plaintiff, SHARON MANGERSON, as Independent Executor of the Estate of John Wrana, Jr., Deceased ("Plaintiff"), respectfully moves this Court to approve the settlement of claims brought in this action under 42 U.S.C. §1983, the Illinois wrongful death and survival acts, and Illinois law, and to allocate the proceeds of that settlement. In support, Plaintiff states as follows:

1.	Plaintiff is the duly appointed Independent Executor of the Estate of John Wrana, Jr., Deceased, having been appointed by the Cook County Probate Court on August 28, 2013.

2.	Plaintiff filed her 42 U.S.C. §1983, wrongful death and survival, and state-law tort claims action (the "Complaint") in this Court against the Village of Park Forest, Michael Baugh, Craig Taylor, Lloyd Elliot, Charlie Hoskins and Mitch Greer ("Defendants") on June 20, 2014. Doc. No. 1.

3.	At the time of his death, Mr. Wrana was 95 years old and a resident of the Victory Centre of Park Forest, an assisted living center for elderly persons.

4. The parties have reached an agreement in principle to settle this case. First, the parties have agreed to settle Plaintiff's §1983 civil rights claims, the wrongful death and survival claims, and the state-law tort claims for a total of $500,000.00. The settlement agreement makes no allocation of this sum among the claims under 42 U.S.C. §1983, the Illinois wrongful death and survival acts, and the state-law tort claims.

5. Second, the settlement agreement provides separately for the payment of statutory attorneys' fees in the amount of $600,000.00, recoverable by plaintiff's attorneys, as authorized by 42 U.S.C. §1988. A complete copy of the fully executed settlement agreement is attached to this motion as Exhibit A.

6. Because plaintiff is the independent executor of Mr. Wrana's estate, and brings claims on behalf of the estate, Illinois law requires a court to determine the allocation of proceeds between any recovery under the Illinois survivorship and wrongful death acts. Plaintiff's counsel have a responsibility under Illinois law *not* to make such an allocation themselves. The Cook County Probate Court, where Mr. Wrana's estate is being probated, has instructed Plaintiff to seek approval of the settlement and the allocation of proceeds between the Illinois survivorship and wrongful death acts from this Court. The Probate Court reasons that this Court is in the best position to do so based on the Court's superior knowledge of this litigation.

7. Plaintiff has retained the legal services of Nicholas Grapsas, Ltd., Alice E. Dolan & Associates, L.L.C., The Law Offices of Paul Geiger, The Law Offices of Ronald C. Dahms, and Loevy & Loevy to represent Plaintiff in her claim for damages. Plaintiff and her attorneys believe the offer is a fair and reasonable settlement of the action for damages for the alleged violations of Mr. Wrana's constitutional rights, the Estate's claims under the wrongful death and

2

survival acts, and the claims under Illinois tort law. Plaintiff further believes that it is in the best interests of the Estate and the persons entitled to the proceeds thereof that the settlement agreement be approved and that the Defendants be released from any and all further liability.

8. Plaintiff has agreed to pay a contingency fee to Nicholas Grapsas, Ltd., Alice E. Dolan & Associates, L.L.C., and Loevy & Loevy, collectively, in the amount of forty percent (40%) of any settlement. This contingent fee is separate from and in addition to the attorneys' fees under 42 U.S.C. §1988, which are discussed in paragraph 5, above.

9. While the retainer agreement indicates that in addition to amounts owed in attorneys' fees, Plaintiff is required to reimburse her attorneys for the costs that they incurred for investigation, filing, and prosecution of this case, Plaintiff's attorneys have determined that, in order to maximize the settlement amount to be paid to the Estate, the 40% contingency fee will be reduced by an amount equal to these costs. Costs incurred in this case by Plaintiff's attorneys in the amount of $59,176.13 are itemized and attached as Exhibit B to this motion. Accordingly, Plaintiff's attorneys will be paid a contingent fee of $140,823.87—or approximately 28% of the $500,000.00 settlement, described in paragraph 4, above—and will be reimbursed costs of $59,176.13, for a total of $200,000.00. Again, this amount is separate from and in addition to the attorneys' fees under 42 U.S.C. § 1988, which are discussed in paragraph 5, above.

10. CMS/Medicare has advised Plaintiff that Total Conditional Payments made on the Decedent's behalf equal $2,492.96, see attached Exhibit C, and Plaintiff requests that this amount be set aside from the gross settlement proceeds to satisfy the Medicare lien. Further, CMS/Medicare has not issued a Final Demand letter, which may result in a reduction of the final lien amount to be paid. In such case, Plaintiff further requests that the Court allow any excess of the amount withheld for payment of the CMS/Medicare lien to be distributed by Plaintiff among

the claims under 42 U.S.C. §1983, the Illinois wrongful death and survival acts, and the state-law tort claims in the same proportions as determined by this Court for the net settlement proceeds.

11. The net settlement proceeds distributable to the Estate and the Decedent's next of kin, following deduction of attorney's fees and costs, and the CMS/Medicare lien, is $297,507.04.

12. Plaintiff, Sharon Mangerson, in her official capacity as the Independent Executor of the estate of her decedent, John Wrana, Jr., represents both her decedent's legatees, who benefit from any recovery pursuant to survivorship, and also his next of kin, who benefit from any recovery pursuant to wrongful death in this matter. In her official capacity, plaintiff possesses the sole right of action or control over this suit. *Cushing v. Greyhound Lines, Inc.* 965 N.E.2d 1215 (Ill. App. Ct. 2012). The estate's claimants in this case are comprised, on the one hand, of Mr. Wrana's next of kin (as he died a widower and without children), who may have claims pursuant to the Illinois Wrongful Death Act, and, on the other hand, Plaintiff Mrs. Mangerson, in her individual capacity, who has claims pursuant to the Illinois Survival Act because she is the exclusive legatee of the estate. Plaintiff has the sole interest in the survivorship claims in this case because, in addition to being named by Mr. Wrana's will as the Independent Executor of his estate, Mr. Wrana's will names her as the exclusive beneficiary of his estate. Consequently, all proceeds that are allocated as survivorship recovery benefit Mrs. Mangerson in her individual capacity under the will, while those proceeds allocated as wrongful death recovery from this lawsuit benefit any next of kin showing a claim of dependency to those proceeds. In this situation, Plaintiff and her counsel cannot under Illinois law recommend a specific distribution amount of the settlement proceeds between survival act recovery and

wrongful death act recovery, because any such recommendation might raise a conflict of interest between Plaintiff's official capacity as administrator of the estate and her individual capacity as beneficiary of the survivorship recovery.

13. Illinois law provides that wrongful death actions are for the exclusive benefit of next of kin and address any injury suffered by the next of kin due to the decedent's death. *Baez v. Rosenberg,* 949 N.E.2d 250 (Ill. App. Ct. 2011). The Wrongful Death Act further requires that "[t]he jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, including damages for grief, sorrow, and mental suffering." 740 ILCS 180/2. The same Act requires that: "[t]he amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of an agreed settlement, by the circuit court . . . ." *Id.*; *see also Barry v. Owens-Corning Fiberglass Corp.,* 668 N.E.2d 8, 13 (Ill. App. Ct. 2000), ("The trial court distributes the money the same way it would if the case had been settled. . . . We find the clear language of the statute requires that the jury awards and settlement amounts in wrongful death cases be treated the same way – distribution by the judge.").

14. In contrast, Illinois survival actions are for the benefit of the decedent's estate and allow for recovery pursuant to all statutory and common law actions which accrued to the decedent prior to his death. This includes those claims brought in this case pursuant to both § 1983 and state statutory and common law bases.

15. In this case, the circuit court has instructed plaintiff to seek this Court's determination of allocation of the settlement proceeds between survival act recovery and wrongful death act recovery based on the circuit court's opinion that this Court is in the best position to do so having heard the facts of plaintiff's claims. It is expected that the circuit court

will then separately determine the proportion of dependency shown by decedent's next of kin subsequent to, and on the basis of, this Court's determination between wrongful death act allocation and survival act allocation.

16. Since prior to plaintiff's filing this action, and through the time she entered into the presented proposed settlement, Plaintiff has diligently sought to identify and locate the next of kin of her decedent, John Wrana, Jr., Plaintiff's efforts have been exhaustive and have included, but are not limited to, the following:

(a) Directly contacting known next of kin located throughout the country;
(b) Notifying identified and located next of kin by mail;
(c) Hiring a professional skip-tracer to further identify next of kin; and
(d) Extensive internet research to further identify and locate additional next of kin.

As a result of her discoveries from this ongoing research, plaintiff was recently granted leave on April 6, 2016 to file and publish her Third Amended Heirship with the Circuit Court of Cook County evidencing all the next of kin identified to date. *See* Exhibit D. Three of these next of kin, namely David Bousquet, Gayle Kryger Auger and John Joseph Kryger, have signed Waivers of Claim in which these next of kin waive any claim for money damages in this matter as well as any notice of settlement of this matter. *See* Exhibit E.

17. Of the next of kin whose locations were discovered and who were contacted by plaintiff, three elected to provide depositions in this matter as called for by defendants; namely Kristy Szamocki Aaron, Kenneth Szamocki and Carolyn Luna.

18. Plaintiff has shared this motion with Defendants, who have no objection to the relief sought by Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

A.      Approving the settlement agreement in the amount of $500,000.00 for Plaintiff's 42 U.S.C. §1983 civil rights claims, her wrongful death and survival claims, and her state-law tort claims;

B.      Approving the settlement agreement in the amount of $600,000.00 for attorneys' fees and costs as provided pursuant to 42 U.S.C. §1988;

C.      Finding that the settlement is fair and reasonable;

D.      Directing that Plaintiff's attorneys, from the gross settlement proceeds of $500,000.00, be paid a contingency fee of $140,823.87 and be reimbursed costs of $59,176.13, for a total of $200,000.00;

E.      Authorizing the sum of $2,492.96 to be withheld from the gross settlement proceeds for satisfaction of the final CMS/Medicare lien amount and authorizing and directing Plaintiff to distribute the excess of such withheld monies to be distributed by Plaintiff among the claims under 42 U.S.C. §1983, the Illinois wrongful death and survival acts, and the state-law tort claims in the same proportions as determined by this Court for the net settlement proceeds;

F.      Allocating the net settlement proceeds of $297,517.04 between the wrongful death and survival actions;

G.      Directing that in the event any proceeds allocated relative to the wrongful death action is not distributed on the basis of demonstrated dependency, which dependency shall be determined by a court of competent jurisdiction, if any there are, that such un-distributed wrongful death allocated proceeds be re-allocated as survivorship proceeds; and

H.      Authorizing any and all other relief that is necessary and proper.

        RESPECTFULLY SUBMITTED,

        **SHARON MANGERSON, Independent Executor of the Estate of John Wrana, Jr., Deceased**

        By:    /s/ Steven Art
              *One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Steve Art
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

Nicholas G. Grapsas, Esq.
NICHOLAS G. GRAPSAS, LTD.
1622 Colonial Parkway, Suite LA
Inverness, Illinois 60067
847-963-0100
847-496-4148 (Fax)
nick@grapsaslaw.com

Alice E. Dolan, Esq.
Alice E. Dolan & Associates LLC
30 North LaSalle Street, Suite 1524
Chicago, Illinois 60602
312-386-1600
312-386-1616 (Fax)
aed@adolanlaw.com

Paul D. Geiger, Esq.
Law Offices of Paul D. Geiger
540 North Frontage Road, Suite 3020
Northfield, IL. 60093
773-410-0841
pauldgeiger@gmail.com

Ronald C. Dahms, Esq.
135 South LaSalle Street, Suite 3300
Chicago, IL. 60603
312-609-0060
312-541-8991
rdahmslaw@yahoo.com

**CERTIFICATE OF SERVICE**

I, Steven Art, an attorney, hereby certify that on May 11, 2016, I filed the foregoing UNOPPOSED MOTION TO APPROVE SETTLEMENT AND TO ALLOCATE PROCEEDS OF SETTLEMENT using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Steve Art
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Steve Art
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

Nicholas G. Grapsas, Esq.
NICHOLAS G. GRAPSAS, LTD.
1622 Colonial Parkway, Suite LA
Inverness, Illinois 60067
847-963-0100
847-496-4148 (Fax)
nick@grapsaslaw.com

Alice E. Dolan, Esq.
Alice E. Dolan & Associates LLC
30 North LaSalle Street, Suite 1524
Chicago, Illinois 60602
312-386-1600
312-386-1616 (Fax)
aed@adolanlaw.com

Paul D. Geiger, Esq.
Law Offices of Paul D. Geiger
540 North Frontage Road, Suite 3020
Northfield, IL. 60093
773-410-0841
pauldgeiger@gmail.com

Ronald C. Dahms, Esq.
135 South LaSalle Street, Suite 3300
Chicago, IL. 60603
312-609-0060
312-541-8991
rdahmslaw@yahoo.com