IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON MANGERSON, Independent Executor of the Estate of JOHN WRANA, Jr., Deceased, </br></br>           Plaintiff, </br></br>   v. </br></br>VILLAGE OF PARK FOREST, *et al.*, </br></br>           Defendants. | Case No. 14 CV 4661 </br></br> Honorable Judge Amy St. Eve |

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is made by and entered into between Plaintiff Sharon Mangerson, Independent Executor of the Estate of John Wrana, Jr., and Intergovernmental Risk Management Agency ("IRMA") on behalf of Defendant Village of Park Forest (collectively, "the Parties").

Subject to the terms and conditions of this Agreement, Plaintiff agrees to dismiss Defendants Village of Park Forest, Michael Baugh, Craig Taylor, Lloyd Elliot, Charlie Hoskins, and Mitch Greer with prejudice from the Complaint filed by her and captioned *Mangerson v. Village of Park Forest, et al.*, 14 CV 4661 (Northern District of Illinois, Eastern Division), release Village of Park Forest and its future, current and former officers, agents and employees as provided herein, and comply with certain terms and conditions, as set forth *infra*, in exchange for the IRMA's agreement to pay, on behalf of Village of Park Forest, a settlement amount of Five Hundred Thousand Dollars and No Cents ($500,000.00) to Plaintiff and attorneys' fees in the amount of Six Hundred Thousand Dollars and No Cents ($600,000.00).

## RECITALS

A. On June 20, 2014, Plaintiff filed this lawsuit in the Northern District of Illinois, Eastern Division, entitled *Mangerson v. Village of Park Forest, et al.*, Case No. 14 CV 4661 (hereinafter referred to as "Action") alleging numerous violations, including federal civil rights violations pursuant to 42 U.S.C. § 1983 and state law intentional torts, by Defendants Village of Park Forest, Michael Baugh, Craig Taylor, Lloyd Elliot, Charlie Hoskins, and Mitch Greer;

B. Defendants deny the allegations and deny any statutory, common law, constitutional or regulatory violations, and affirmatively state they did not engage in the misconduct and/or deprivations alleged by Plaintiff;

C. The parties acknowledge and agree that the settlement of this claim is not an admission of liability or wrongful conduct by or on the part of any Defendant and/or Defendant's future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any Defendant or agent;

D. So as to avoid further expense and in recognition of the relative positions of the Parties to the above case, the Parties wish to settle and compromise the pending Action, thereby terminating this litigation. The Parties and their respective attorneys acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy.

## AGREEMENT

**IT IS HEREBY AGREED** by and between the Parties as follows:

1.0 **Definitions.** When used in this Agreement, the following definitions shall apply.

1.1 <u>Plaintiff</u>. The term "Plaintiff" shall refer to Sharon Mangerson, Independent Executor of the Estate of John Wrana, Jr.

1.2 <u>Defendant(s)</u>. The term "Defendant" shall refer to Village of Park Forest and, when used in the plural, shall also refer to Michael Baugh, Craig Taylor, Lloyd Elliot, Charlie Hoskins, and Mitch Greer.

1.3 <u>Action</u>. The term "Action" shall mean any and all allegations or claims against Defendants that are contained, or could have been contained, in the lawsuit captioned *Mangerson v. Village of Park Forest, et al.*, Case No. 14 CV 4661 (Northern District of Illinois, Eastern Division).

1.4 <u>Parties</u>. The term "Parties" shall refer to the parties to this Agreement.

## 2.0 Release and Discharge

2.1 The undersigned, Sharon Mangerson, as Independent Executor of the Estate of John Wrana, Jr., for the sole consideration of the payment terms specified in Paragraph 3.0, *infra*, the receipt and sufficiency of which is hereby acknowledged, does hereby remise, release, acquit and forever discharge Village of Park Forest, as well as its past, present and future employees, elected officials, agents, heirs, executors, administrators, insurers, officers, members, and directors (hereinafter, the "Released Parties") of and from any and all past, present and future actions, claims, demands, setoffs, debts, sums of money, accounts, compensatory and punitive damages, attorneys' fees, financial obligations, actions, causes of action, suits at law or in equity, judgments, costs, of any nature whatsoever, including without limiting the generality of the foregoing, any and all claims for personal physical injuries, mental anguish and suffering and loss of life, which arose or could have arisen from or relate to the facts alleged or claims made in

3

this Action, which Plaintiff owns, has or may have against the Released Parties, whether known or unknown from the beginning of time until the effective date of this Agreement, including without limitation, those at law, in tort or in equity.

2.2     This release and discharge shall also apply to Defendants' past, present and future officers, attorneys, agents, employees, servants, elected officials, affiliates, partners, predecessors and successors in interest, and assigns, and all other persons, firms, or corporations with whom any of the former has been, are now, or may hereafter be affiliated, for any claims that relate to the facts alleged in the Action.

2.3     Plaintiff acknowledges and agrees that the release and discharge set forth above is a general release. Plaintiff expressly waives and assumes the risk of any and all claims that relate to the facts alleged in the Action for damages that exist as of this date, but of which Plaintiff does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, which if known, would materially affect Plaintiff's decision to enter into this Agreement. Plaintiff further agrees that she has accepted the terms of this Agreement as specified herein as a complete compromise of matters involving disputed issues of law and fact. Plaintiff assumes the risk that the facts or law may be other than Plaintiff believes. It is understood and agreed to by the Parties that this settlement is a compromise of a disputed claim, and the agreements and payments are not to be construed as an admission of liability on the part of Releasees, by whom liability is expressly denied.

2.4     This Release, on the part of Plaintiff, shall be a fully binding and complete settlement between Plaintiff and Releasees and their respective heirs, assigns and successors.

4

2.5 Plaintiff, as Independent Executor of the Estate of John Wrana, Jr., on behalf of the Estate of John Wrana, Jr., and his heirs, successors and assigns, hereby agrees to indemnify and hold harmless the Releasees, and their attorneys, against all loss and damage, including attorneys' fees and costs, as a result of any and all further claims, demands, damages, obligations, costs, expenses, actions and causes of action which may hereafter at any time be made or brought against said parties, based upon lien, subrogation, derivation or assignment resulting from or in any way arising out of the incident described in Recital A above.

**3.0 Payments by IRMA.** In consideration of the release set forth above, IRMA, on behalf of Village of Park Forest, agrees to pay the following amounts:

3.1. Single Payment to Plaintiff. IRMA, on behalf of Village of Park Forest, pursuant to this Agreement, shall issue payment to Sharon Mangerson, Independent Executor of the Estate of John Wrana, Jr., in the amount of Five Hundred Thousand Dollars and No Cents ($500,000.00).

3.2 <u>Attorneys' Fees.</u> IRMA, on behalf of Village of Park Forest, pursuant to this Agreement, shall issue payment to Plaintiff's attorneys, Loevy & Loevy, Alice E. Dolan & Assoc., LLC, Nicholas G. Grapsas, Ltd., The Law Offices of Paul D. Geiger, and Law Offices of Ronald C. Dahms, in the amount of Six Hundred Thousand Dollars and No Cents ($600,000.00).

3.3 Plaintiff hereby acknowledges and agrees that any and all liens, attorneys' fees, subrogation claims, medical expenses and all other expenses resulting from the incident described in Recital A above will be fully and completely satisfied against Defendants by payment of the amount set forth in Paragraph 3, *et seq.*

5

3.4     Payment of the settlement amount pursuant to this Agreement is intended to fully and completely compensate Plaintiff, as Independent Executor for the Estate of John Wrana, Jr., for her claims of personal physical injuries, physical sickness and related emotional distress, and Plaintiff's counsel for their attorneys' fees, costs, and liens for services rendered to or on behalf of Plaintiff.

3.5     It is expressly agreed that Michael Baugh, Craig Taylor, Lloyd Elliot, Charlie Hoskins, and Mitch Greer in their individual capacities shall not be responsible for payment of any sum under this Agreement.

**4.0     Delivery of Dismissal**

IRMA, on behalf of Village of Park Forest, agrees to pay Plaintiff and her counsel the total settlement amount as specified in paragraph 3, *et seq.* herein within 14 days of receipt of a court-entered order dismissing this case with prejudice pursuant to the agreement of the parties, a court-filed and executed stipulation of dismissal, a fully executed settlement agreement, and any other court-entered order necessary for the disposition of funds, whichever is received later. This sum shall be payable solely by IRMA on behalf of the Village of Park Forest, and Plaintiff and/or her attorneys agree that they will not seek payment from any source other than IRMA.

**5.0     Indemnification, Defense & Hold Harmless**

In consideration of this settlement entered pursuant to this Agreement, and upon advice of counsel, Plaintiff, as Independent Executor of the Estate of John Wrana, Jr., on behalf of the Estate of John Wrana, Jr., agrees to indemnify, defend and hold harmless IRMA and the Village of Park Forest, and their future, current, or former officers, agents and employees including, but not limited to, the individual Defendants, Michael Baugh, Craig Taylor, Lloyd Elliot, Charlie

Hoskins, and Mitch Greer, from any claims, losses, damages or expenses, including any attorneys' fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by Plaintiff under this settlement entered pursuant to this Agreement.

**6.0    Attorneys' Fees**

Plaintiff and her attorneys release, waive and relinquish any claims or rights against the Releasees to attorneys' fees, costs and expenses allegedly incurred or due in the Action under any statute, rule or common law provision. Each party hereto shall bear all attorneys' fees and costs arising from the actions of its own counsel in connection with the Agreement, the matters and documents referred to herein, and all related matters.

**7.0    Representation of Comprehension of Document**

In entering this Agreement, Plaintiff represents she has relied upon the advice of her attorneys and other financial and/or tax advisors, who are the attorneys and advisors of her own choice, concerning the legal and income tax consequences of this Agreement; that the terms of this Agreement have been completely read and explained to Plaintiff by her attorneys; and the terms of this Agreement are fully understood and accepted by Plaintiff.

Plaintiff acknowledges and agrees that neither the Defendants nor any of their representatives have made any tax representations or conclusions nor provided any tax advice to Plaintiff. Plaintiff acknowledges she sought her own tax advice and legal counsel with respect to these matters and shall be responsible for any taxes, penalties and interest payable on this settlement amount.

### 8.0 Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois, without regard to principles of conflict of laws.

### 9.0 Entire Agreement and Successors in Interest

No promise has been made to pay or give Plaintiff any greater or further consideration other than as stated in this Agreement. All agreements, covenants, representations and warranties, expressed or implied, oral or written, of the parties hereto concerning the subject matter of this Agreement are contained in this Agreement. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the subject matter of this Agreement. All prior and contemporaneous negotiations, possible and alleged agreements, representations, covenants and warranties, between the Parties concerning the subject matter of this Agreement are merged into this Agreement. This Agreement contains the entire agreement between the Parties.

### 10.0 Severability

If any provision, or any part of any provision, of this Agreement is for any reason held to be invalid, unenforceable or contrary to any public policy, law, statute, regulation and/or ordinance, then the remainder of this Agreement shall not be affected thereby, and shall remain valid and fully enforceable.

### 11.0 Effectiveness

The undersigned signatories warrant that they have authority to enter into this Agreement and sign this instrument to bind the principals on whose behalf they have signed.

This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on the Parties hereto, notwithstanding that all of the Parties are not signatories to the same counterpart.

The effective date of this Agreement shall be the date that Plaintiff signs and dates this Agreement.

## 12.0   Modification of Agreement

This Agreement may not be changed, modified or assigned except by written agreement of Plaintiff and Releasees.

**AGREED:**

_____    March 23, 2016
Plaintiff Sharon Mangerson, Independent    Date
Executor of the Estate of John Wrana, Jr.

_____    April 1, 2016
Counsel for Plaintiff Sharon Mangerson,    Date
Independent Executor of the Estate of
John Wrana, Jr.

Loevy & Loevy
312 North May Street
Suite 100
Chicago, Illinois 60607

9

*[signature]*      March 23, 2016
Counsel for Plaintiff Sharon Mangerson,    Date
Independent Executor of the Estate of
John Wrana, Jr.

Nicholas G. Grapsas, Esq.
Nicholas G. Grapsas, LTD.
1642 Colonial Parkway
2nd Floor
Inverness, Illinois 60067

*[signature]*      March 25, 2016
Counsel for Plaintiff Sharon Mangerson,    Date
Independent Executor of the Estate of
John Wrana, Jr.

Alice E. Dolan, Esq.
Alice E. Dolan & Associates LLC
30 N. LaSalle St., Suite 1524
Chicago, Illinois 60602

*[signature]*      March 24, 2016
Counsel for Plaintiff Sharon Mangerson,    Date
Independent Executor of the Estate of
John Wrana, Jr.

Paul D. Geiger, Esq.
Law Offices of Paul D. Geiger
540 North Frontage Road, Suite 3020
Northfield, Illinois 60093

*[signature]*      March 24, 2016
Counsel for Plaintiff Sharon Mangerson,    Date
Independent Executor of the Estate of
John Wrana, Jr.

Ronald C. Dahms, Esq.
Law Offices of Ronald C. Dahms
135 South LaSalle Street, Suite 3300
Chicago, Illinois 60603

_____  4.4.16
Margo Ely, Executive Director             Date
Intergovernmental Risk Management Agency
Four Westbrook Corporate Center
Suite 940
Westchester, Illinois 60154


_____  5.1.16
Counsel for Defendants Village of Park Forest,   Date
Michael Baugh, Craig Taylor, Lloyd Elliot, and
Mitch Greer

James G. Sotos
The Sotos Law Firm, P.C.
550 East Devon Avenue, Suite 150
Itasca, Illinois 60143


_____  4-1-16
Counsel for Defendant Charlie Hoskins   Date

Terry A. Ekl
Ekl, Williams & Provenzale LLC
901 Warrenville Road, Suite 175
Lisle, Illinois 60532

11