IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON MANGERSON, as Independent Executor of the ESTATE OF JOHN WRANA, JR., | ) ) ) ) | Case No. 14 C 4661 |
| | ) | Hon. Amy J. St. Eve |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| VILLAGE OF PARK FOREST, *et al.*, | ) ) | |
| Defendants. | ) | |

**ORDER APPROVING SETTLEMENT
AND ALLOCATING SETTLEMENT PROCEEDS**

This matter coming to be heard upon the unopposed motion of Plaintiff Sharon Mangerson, Independent Executor of the Estate of John Wrana, Jr., Deceased, ("Plaintiff") to approve settlement and to allocate proceeds of settlement, and the Court being fully advised, the Court finds that:

(a) Plaintiff has a cause of action against the Village of Park Forest, Michael Baugh, Craig Taylor, Lloyd Elliot, Charlie Hoskins and Mitch Greer (the "Defendants") relative to the death of the Decedent on July 27, 2013.

(b) The parties have reached an agreement to settle this case. First, the parties have agreed to settle Plaintiff's 42 U.S.C. §1983 civil rights claims, her wrongful death and survival claims, and her state-law tort claims for a total of $500,000.00. The settlement makes no allocation of this sum among the claims under 42 U.S.C. §1983, the Illinois wrongful death and survival acts, and the state-law tort claims. Second, the settlement agreement provides separately for the payment of statutory attorneys' fees in the amount of $600,000.00, recoverable by plaintiff's attorneys, as authorized by 42 U.S.C. §1988.

(c) Plaintiff has agreed to pay a contingency fee to Nicholas G. Grapsas, Ltd., Alice E. Dolan & Associates, L.L.C., and Loevy & Loevy, collectively, in the amount of forty percent (40%) of any settlement. This contingent fee is separate from and in addition to the attorneys' fees under 42 U.S.C. §1988.

(d) Plaintiff has also agreed that, in addition to the amounts owed in attorneys' fees, she will reimburse her attorneys for the costs that they incurred for investigation, filing, and prosecution of this case. However, Plaintiff's attorneys have determined that, in order to maximize the settlement amount to be paid to the Estate, the 40% contingency fee will be reduced by an amount equal to these costs. Costs incurred for investigation, filing, and prosecution of this case total $59,176.13. Accordingly, Plaintiff's attorneys will be paid a contingent fee of $140,823.87, or approximately 28% of the $500,000.00 settlement (which attorneys' fees are separate from and in addition to the attorneys' fees under 42 U.S.C. § 1988) — and will be reimbursed costs of $59,176.13, for a total of $200,000.00.

(e) A CMS/Medicare lien in the amount of $2,482.96 is pending in this matter. CMS/Medicare has not issued a Final Demand letter, which may result in a reduction of the final lien amount to be paid.

(f) The net amount distributable to the Estate and the Decedent's next of kin, following deduction of attorney's fees, expenses, and the CMS/Medicare lien is $297,507.04.

**IT IS THEREFORE ORDERED THAT**:

1. The Court finds that the settlement is fair and reasonable and therefore, approved. Plaintiff is authorized to accept the settlement of $500,000.00 in full and final settlement of the 42 U.S.C. §1983, wrongful death and survival, and state-law tort claims, and Plaintiff is further authorized to execute a release of any and all claims in consideration of said settlement.

2. The net settlement proceeds of $297,517.04 shall be allocated between the wrongful death and survival actions as follows:

    a. To survival actions (including 42 U.S.C. §1983 claims and state tort claims):  $    287,517.04

    b. To wrongful death actions:  $    10,000

    It is further ordered that in the event any proceeds allocated relative to the wrongful death action are not distributed on the basis of demonstrated dependency, which dependency shall be determined by a court of competent jurisdiction, if any there are, that such un-distributed wrongful death allocated proceeds be re-allocated as survivorship proceeds.

3. Plaintiff is authorized to pay the retained attorneys the sum of $140,823.87 for attorneys' fees, and is further authorized to pay the sum of $59,176.13 for reimbursement for the amount paid for investigation, filing, and prosecution costs, for a total of $200,000.00.

4. Plaintiff is authorized to withhold the sum of $2,482.96 from the gross settlement proceeds for satisfaction of the final CMS/Medicare lien amount; and

5. Plaintiff is authorized and directed to execute all necessary releases with the Defendants named herein.

Dated: May 26, 2016

ENTERED:

_____
AMY J. ST. EVE
United States District Court Judge